**Bailey v. Mitchell**
*[Cite as 2 AOA 425]*

*Case No. 56556*
*Cuyahoga County, (8th)*
*Decided April 12, 1990*

*R.C. 3109.05*
*R.C. 3111.13*

*Murray Richelson, Esq., David A. Katz Co., L.P.A., 842 Terminal Tower Cleveland, Ohio 44113, For Plaintiffs-Appellant.*

*Kirk E. Roman, Esq., Henry A. Hentemann, Esq., 2121 The Superior Building, Cleveland, Ohio 44114, For Defendant-Appellee.*

NAHRA, J.

This appeal arises from an order of the Cuyahoga County Juvenile Court granting a mother's motion to modify child support.

On February 23, 1983, Michael Mitchell, father-appellant, was charged by Clovice Bailey, mother-appellee, as the father of her child, Jovan. After proceedings in Juvenile Court, Mr. Mitchell acknowledged paternity of the child. Father and mother entered a settlement on January 7, 1985 which provided, in pertinent part, that the father would pay the mother: $1,000 per month for Jovan, medical expenses for him, and $100 per month to be placed in a fund to provide a college education for their son. The father was a professional basketball player with the San Antonio Spurs at the time.

On August 7, 1987, the mother filed a motion to modify child support and a hearing was held on July 11, 1988. The trial court found that the father's annual income was $750,000 and that the mother's annual income was $14,000. Subtracting $200,000 that is deferred from the father's annual income, the trial court calculated that $564,000 was their combined annual income.

The trial court determined that the father's child support obligation would be $3,000 per month. It ordered that $1,500 per month be held in an insured savings account to be allocated for Jovan's expenditures which the Juvenile Court deems appropriate. This appeal follows.

### I.

Mr. Mitchell's first two assignments of error state:

THE TRIAL COURT ERRED IN MODIFYING THE PRIOR ORDER OF SUPPORT ABSENT ANY FINDING OR EVIDENCE OF A CHANGE OF CIRCUMSTANCES.

IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO ORDER AN INCREASE IN CHILD SUPPORT ABSENT SOME EVIDENCE OF INCREASED NEED OF THE CHILD.

At oral hearing appellant abandoned these assignments and they are therefore not addressed.

### II.

Appellant's third assignment of error states:

THE TRIAL COURT HAD NO JURISDICTION OR AUTHORITY TO ORDER RESPONDENT TO CONTRIBUTE $18,000.00/PER YEAR TO A FUND ESTABLISHED BY THE COURT FOR DISTRIBUTION AT AN UNDETERMINED FUTURE TIME OR TIMES FOR WHATEVER PURPOSE THE COURT MIGHT THEN DEEM TO BE FOR THE BENEFIT OF THE CHILD.

The trial court ordered that $1,500 per month also be deposited into an insured savings account in the name of Jovan. Withdrawal of such funds were made conditional on expenditures for Jovan which the trial court deems proper.

Appellant contends that the trial court abused its discretion by setting up a savings account for Jovan without reference to his current needs or support. This account is a trust fund for the future benefit of the child and the trial court has no authority to create such a fund under R.C. 3109.05.

We agree. A father's duty of support of his minor children extends only to "necessaries". *Kulcar v. Petrovic* (1984), 20 Ohio App. 3d 104, 105, 484 N.E.2d 1365. In ascertaining the necessary and reasonable amounts for child support, the trial court should examine the child's current needs. *Bright* v. *Collins*, 2 Ohio App. 3d at 426. We find that the trial court abused its discretion by setting up a savings account for the son to be disbursed as the court may order. This order does not serve as support for the current needs of the child.

Therefore, appellant's third assignment of error is sustained.

*Judgment affirmed in part, and reversed in part.*

PATTON, C.J., and
J. F. CORRIGAN, J., Concur.