**BARDES, Appellant,**

v.

**TODD, Appellee.**

[Cite as *Bardes v. Todd* (2000), 139 Ohio App.3d 938.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000055.

Decided Oct. 13, 2000.

**940**

*Dee Ellen Garrison Bardes, pro se.*

*Law Offices of Strauss & Troy* and *William S. Abernethy, Jr.,* for appellee.

PAINTER, Judge.

In August 1994, plaintiff-appellant Dee Ellen Garrison Bardes filed for divorce, seeking to terminate her six-year marriage to defendant-appellee Samuel Pogue Todd III and to gain custody of the couple's two children, then ages four and three. In December 1999, the trial court entered a decree of divorce that incorporated prior property-settlement stipulations, as well as a final decree of shared parenting that adopted an amended plan submitted by Todd. Bardes has filed a timely appeal to this court in which she raises six assignments of error.

Since 1994, this case has generated a massive record. The sheer number of motions, and their voluminous, multi-faceted exploration of issues, is testament to a vast consumption of time and resources on the part of the parties, as well as associated court personnel. We wish to commend the trial court's patience and diligence in providing Bardes, proceeding *pro se* since 1996, with every opportunity to be heard on issues in which she clearly holds a deep conviction. We hope today, however, to finally decide these issues and to close this case so that all parties may move forward with their lives. To this end, we overrule Bardes's assignments of error and affirm the judgment of the trial court.

Unless otherwise stated below as required by a particular assignment of error, we review a domestic relations court's determinations according to an

abuse-of-discretion standard.[1]   In order to recognize an abuse of discretion, we must be confronted with more than an error of judgment.[2]   Rather, there must be no sound reasoning process to support the trial court's decision.[3]

## I. The Dependency Exemptions

Bardes first assigns as error the trial court's distribution between the parents of the minor children's tax dependency exemptions and tax credits in the shared-parenting plan adopted by the court.   Bardes does not dispute the method of allocation itself, which was in accordance with the parties' 1997 property-settlement stipulations.   Rather, she claims that because the tax dependency exemptions and tax credits were originally characterized as property by the parties, the trial court had no authority to include them in the shared-parenting plan.   The net effect to which Bardes objects is that their inclusion in the shared-parenting plan made the exemptions and credits in the nature of child support, and therefore subject to the continuing jurisdiction of the trial court.   By contrast, matters of property distribution, as agreed by the parties and adopted by the trial court, are not typically subject to the continuing jurisdiction of the court.

We uphold the decision of the trial court for two reasons.   First, R.C. 3113.21(C)(1)(e) provides in pertinent part that "[w]henever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes * * *."   The statute makes no exception for exemptions previously allocated and characterized as property by agreement of the parties.   To the extent that a private contract clause seeks to circumvent a statutory grant of authority that is based on public policy, the clause is void.[4]   We hold that the clause in the parties' property-settlement stipulations that seeks to characterize dependent tax exemptions as property is void· as contrary to statutory authority based on public policy, but only to the extent the characterization seeks to avoid the continuing jurisdiction of the trial court.   The

---

1.  *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030.

2.  *Id.*

3.  *AAAA Ent., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601;  *State v. Echols* (1998), 128 Ohio App.3d 677, 700, 716 N.E.2d 728, 744.

4.  See *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 158, 724 N.E.2d 402, 404; *Bell v. N. Ohio Tel. Co.* (1948), 149 Ohio St. 157, 158, 36 O.O. 501, 502, 78 N.E.2d 42, 43; *Marsh v. Lampert* (1998) 129 Ohio App.3d 685, 687, 718 N.E.2d 997, 998.

trial court did not abuse its discretion in placing the agreed allocation of dependent tax exemptions in the adopted shared-parenting plan.

Second, there would be no error even absent the clear statutory authority granted to the trial court. While the Ohio Supreme Court initially had characterized dependency exemptions as marital property,[5] upon reconsideration in the context of continuing jurisdiction, the court modified the *Hughes* syllabus in *Singer v. Dickinson*[6] to delete any reference to marital property. In *Singer*, the court considered circumstances that predated the then recently enacted R.C. 3113.21. The court held that the juvenile court retained jurisdiction over its orders concerning custody, care, and support of children, even when the court's initial order was based on an agreement between the parents of the child.[7] Determining that the allocation of a tax exemption concerned the support of the child, the court reasoned that an artificial distinction would be created if orders to pay support were modifiable but orders allowing a dependency exemption were not.[8]

Bardes's first assignment of error is overruled.

## II. The Class Action

Bardes's second assignment of error concerns the trial court's denial of two motions that we construe collectively as a motion for class-action certification under Civ.R. 23(A) and (B)(2), or (B)(3). Bardes sought the certification of a class to be known as "Ohio Mothers," who were or would be "subject to" R.C. 3109.05, 3113.215, 3103.03, and 3105.21, and R.C. Chapter 3111. These statutes relate generally to support obligations, orders for support of children, and parentage, respectively.

■■■ We begin by noting, as we have recently, that the broad discretion of a trial court in determining whether a class action may be maintained will not be disturbed on appeal absent a showing of an abuse of discretion.[9] Particularly where the trial court has decided not to certify a class, an abuse of discretion

---

5. *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 518 N.E.2d 1213, paragraph one of the syllabus.

6. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 413, 588 N.E.2d 806, 810.

7. *Id.* at 413, 588 N.E.2d at 810–811.

8. *Id.* at 414, 588 N.E.2d at 811.

9. *Hinkston v. The Finance Co.* (May 12, 2000), Hamilton App. No. C–980972, unreported, 2000 WL 569559, quoting *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus.

should be recognized cautiously.[10] We also note, however, that while it is not mandatory for a trial court to make formal findings in support of its decision on a motion for class certification, the Ohio Supreme Court has suggested that the court make separate findings as to each of the class-action requirements and specify its reasoning as to each finding.[11] Similarly, it is rare that the pleadings in a case requesting class certification are so clear that it is possible to determine whether certification is proper without first conducting a hearing.[12] This is one of those rare cases in which neither an evidentiary hearing nor separate findings on the part of the trial court are necessary for this court to uphold the trial court's decision.

To have a class action certified, the plaintiff must show that all of the seven requirements of Civ.R. 23(A) and (B) are met, and the failure of any one of those seven requirements will result in the denial of certification.[13] The seventh requirement of class certification is that one of the three Civ.R. 23(B) requirements be met.[14] Without deciding whether Bardes's proposed class meets the initial six requirements, we hold that the trial court did not abuse its discretion by denying certification based only on Bardes's request to certify the class under Civ.R. 23(B)(2) or (3).

Civ.R. 23(B)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole." From the record, it is clear that Todd has merely asserted his rights under the Revised Code. Not only is injunctive or declaratory relief inappropriate as to Bardes under these circumstances, but Todd would also clearly be unable to satisfy any judgment as to all the Ohio mothers proposed as a class.

For a class to be certified under Civ.R. 23(B)(3), the trial court must find, among other things, that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Again, from the record, it is clear that whatever exception Bardes has taken to Todd's position on matters

---

10. *Hinkston, supra,* quoting *Marks, supra,* at 201, 31 OBR at 398–399, 509 N.E.2d at 1252.

11. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70–71, 694 N.E.2d 442, 447. See, also, *Isaak v. Trumbull S. & L. Co.* (Aug. 4, 2000), Trumbull App. No. 99–T–0077, unreported, 2000 WL 1114830.

12. *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 98–99, 521 N.E.2d 1091, 1098.

13. *Hinkston, supra,* citing *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 441–442, 473 N.E.2d 822, 824.

14. *Hamilton, supra,* at 71, 694 N.E.2d at 448.

of child support, the controversy is best adjudicated only between the original parties.

Bardes's second assignment of error is overruled.

## III. Release of Personal Data

In her third assignment of error, Bardes complains that the trial court erred in not obtaining the consent of the parties for release of personal data, and by failing to adopt measures that would prevent the release of personal data filed with the court.

■ The Ohio Supreme Court has held that "[a]ny document appertaining to, or recording of, the proceedings of a court * * * is a 'public record' and 'required to be kept' within the meaning of R.C. 149.43. Absent any specific statutory exclusion, such record must be made available for public inspection." [15] More recently, however, the court has ruled that Social Security numbers are exempt from the Public Records Act under R.C. 149.43(A)(1) and subject to the federal constitutional right to privacy.[16] When it is ordered under the Public Records Act to disclose documents containing a Social Security number, the appropriate remedy is for the concerned party to move the court to direct the clerk of courts to redact the Social Security number.[17]

After a review of the record, we can find no denied motion that could be characterized as a motion for redaction of Social Security numbers. We also find no motion to have Bardes's record sealed. Consequently, there is no action on the part of the trial court for us to review.

■ We also note that if Bardes's third assignment of error is intended to be a general complaint regarding the policies of the clerk of courts, it is inappropriately raised here. Todd is not the appropriate party to defend a legal challenge regarding the policies and procedures of the clerk of courts, and the clerk of courts is not a party to this action.

The third assignment of error is not well taken.

---

15. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 20 OBR 279, 485 N.E.2d 706, paragraph one of the syllabus.

16. *State ex rel. WLWT–TV5 v. Leis* (1997), 77 Ohio St.3d 357, 361, 673 N.E.2d 1365, 1369, citing *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 640 N.E.2d 164.

17. See, generally, *State ex rel. Barth v. Kapla* (Apr. 13, 1993), Cuyahoga App. No. 62406, unreported, 1993 WL 120249.

## IV. Private Schooling and College Education

In her final three assignments of error, Bardes raises various issues about the failure of the trial court to order Todd to share in the current cost of private-school education for the minor children, and to contribute to the minor children's future college education.

Bardes first asks this court to hold that her children's constitutional rights have been violated. We find no case law to support a holding that paid attendance at a private school or college of one's choice is a fundamental right guaranteed by the Constitution, even for the most gifted of children. We decline the invitation to create a novel fundamental right.

Next, Bardes asks us to hold that her constitutional rights have been violated. Again, we find no case law to support the proposition that Bardes has a fundamental right to be reimbursed for payment of private school or future college tuition in the furtherance of her children's education. We again decline the invitation to invent a novel fundamental right.

Finally, Bardes seems to be unclear as to whether the trial court properly issued a valid separate order for extraordinary medical expenses. She is also unclear whether payment by Todd towards expenses for private education and future college tuition for the minor children were included in the order. If no order issued from the trial court requiring Todd to share in the minor children's private school and future college expenses, then Bardes claims the trial court abused its discretion.

R.C. 3113.215(B)(5)(f) appears to be the source of Bardes's confusion. This statute provides in pertinent part that while the trial court shall not order additional child support for normal uninsured medical or dental expenses beyond that child support assessed in conformance with the appropriate schedule, "[t]he court shall issue a separate order for extraordinary medical or dental expenses, including but not limited to, orthodontia, psychological, appropriate private education, and other expenses, and may consider the expenses in adjusting a child support order."

From the record, it appears clear that the trial court did issue an appropriate separate order for allocation of extraordinary uninsured medical, dental, hospital, prescription, optical, and orthodontic expenses. It also appears clear that the trial court intentionally did not issue a separate order requiring Todd to share in the costs of the children's private-school education. Instead, in the decree of divorce, the court specifically stated that Todd would not be required, until further order of the court, to contribute to the cost of private elementary or

secondary education for the parties' children. This section of the decree specifically adopted the decision of the magistrate.

■ There was no abuse of discretion by the trial court in adopting the magistrate's decision. The record states that, as a result of the parties' stipulations, Todd's disposable income after total expenses was $179 per month, or $2,148 per year. We conclude that the court's decision to exempt Todd under those circumstances from sharing in private-school tuition fees of over $15,000 per year was supported by sound reasoning.

■ It also appears clear from the record that Todd is under no current court-ordered obligation to set aside or otherwise allocate money for the benefit of his children's future college expenses. There was no abuse of discretion in the trial court's failure to order Todd to make such an allocation. Indeed, the court would have erred had it done so. It is well settled in Ohio that, without the specific agreement of the parties and the adoption of the specific agreement by the trial court, the trial court has no authority to order that money be set aside for the future college expenses of a minor child, when the money would be used only after the child reaches the age of majority.[18]

Bardes's remaining assignments of error are overruled, and the trial court's judgment is, accordingly, affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.

---

18. *Miller v. Miller* (1951), 154 Ohio St. 530, 43 O.O. 496, 97 N.E.2d 213, paragraph two of the syllabus; *Sylvester v. Sylvester* (1969), 21 Ohio App.2d 58, 50 O.O.2d 104, 254 N.E.2d 699; *Pratt v. McCullough* (1995), 100 Ohio App.3d 479, 482–483, 654 N.E.2d 372, 374; *Bailey v. Mitchell* (1990), 67 Ohio App.3d 441, 442–443, 587 N.E.2d 358, 359; *Maphet v. Heiselman* (1984) 13 Ohio App.3d 278, 279, 13 OBR 343, 343–344, 469 N.E.2d 92, 94; *Verplatse v. Verplatse* (1984), 17 Ohio App.3d 99, 101, 17 OBR 161, 163–164, 477 N.E.2d 648, 652.