OPINION
{¶ 1} Appellants Robert and Jewell Norch appeal the decision of the Court of Common Pleas, Stark County, which denied their motion for class certification in a dispute over the purchase of a manufactured home. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 1, 2000, Appellant Robert Norch signed a promissory note, security agreement, and mortgage for the purchase of a manufactured home and related construction services from Paradise Homes, Inc. ("Paradise Homes") of Uhrichsville, Ohio. Paradise Homes arranged financing for the purchase through a consumer financing entity, Appellee Tammac Corporation, a Pennsylvania corporation registered to do business in Ohio. Robert planned to have the home erected on property he owned in Guernsey County, Ohio. Robert's wife, Jewell, signed onto the mortgage for the purpose of subrogating her interest in the Guernsey County real estate to appellee's mortgage; however, she did not sign the security agreement or the promissory note.
 {¶ 3} Appellants subsequently discovered what they alleged were concealed defects in the home, which they desired to use as a residence for themselves and their grandson. After some negotiating, Paradise Homes allegedly agreed to correct some of the problems, but after several weeks appellants were unsatisfied, and began making plans to move back to their prior residence in Stark County. According to appellants' counterclaim, Robert called appellee's offices in Pennsylvania to notify them of the situation and his intent to cancel the transaction. Appellee purportedly responded that it maintained its right to be paid per its financing agreements with him. Eventually, Robert obtained legal representation and further sought rescission from appellee.
 {¶ 4} The parties could not resolve the matter privately, hence appellee filed a replevin action against appellants on June 26, 2002. On August 16, 2002, appellants filed an answer and counterclaim raising six consumer rights claims,[1] to which appellee responded by filing a motion to dismiss on August 22, 2002. (Paradise Homes was apparently defunct by this time). Appellee thereafter retained new counsel and filed a motion to amend the complaint to replace the replevin action with an action for the foreclosure of real property. The trial court granted the motion for leave to file an amended complaint, and appellee filed its amended complaint accordingly on September 26, 2002.
 {¶ 5} Appellants filed an answer and counterclaim to appellee's amended complaint on October 7, 2002. On the same date, appellants filed a motion and accompanying memorandum for class certification as to their breach of contract claim and certification of a subclass for the remaining claims for relief, to which appellee responded on November 12, 2002. Meanwhile, appellee again filed a motion to dismiss appellants' counterclaims, but said motion was denied on October 11, 2002. On November 15, 2002, the trial court denied appellants' motion for class certification. Appellants timely appealed therefrom, and herein raise the following seven Assignments of Error:
 {¶ 6} "I. Appellants' showing of an `identifiable class' was such that a proper application of the legal standards of Civ. R. 23 could not have found this factor unsatisfied.
 {¶ 7} "II. Appellants' showing of `class membership' was such that a proper application of the legal standards of Civ. R. 23 could not have found this factor unsatisfied.
 {¶ 8} "III. Appellants' showing of `impracticality of joinder' was such that proper application of the legal standards of Civ. R. 23 could not have found this factor unsatisfied.
 {¶ 9} "IV. Appellants' showing of the existence of common questions of law or fact under rule 23(a)(2) was such that proper application of the legal standards of Civ. R. 23 could not have found these factors unsatisfied.
 {¶ 10} "V. Appellants' showing of `typicality' and `adequacy of representation' under rule 23(a)(3) and (a)(4) was such that proper application of the legal standards of Civ. R. 23 could not have found these factors unsatisfied.
 {¶ 11} "VI. Appellants' showing was such that proper application of the legal standards of Civ. R. 23 could not have found the Rule 23(b)(2) ground of certification unavailable.
 {¶ 12} "VII. Appellants' showing was such that proper application of the legal standards of Civ.R. 23 could not have found the Rule 23(B)(3) ground of certification unavailable."
Standard of Review
 {¶ 13} An order determining class certification constitutes a final appealable order pursuant to R.C. 2505.02(B)(5). See, e.g.,Blumenthal v. Medina Supply Co. (2000), 139 Ohio App.3d 283. Civ.R. 23 provides the framework for the prosecution of class actions lawsuits in Ohio courts. In order for a case to be certified as a class action, the trial court must make seven affirmative findings as to the requirements of Civ.R. 23. Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91,521 N.E.2d 1091, paragraph one of the syllabus. The following seven requirements must be satisfied: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. Id., citing Civ.R. 23(A) and (B).
 {¶ 14} A trial court must carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. Hamilton v. Ohio Sav.Bank (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. The Ohio Supreme Court in Hamilton suggested, but did not mandate, that trial courts make separate written findings as to each of the seven class action requirements under Civ.R. 23, and specify their reasoning as to each finding. Id. at 71. However, a trial court has broad discretion in determining whether a class action may be maintained. Planned ParenthoodAss'n of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56,62. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 V. {¶ 15} As we find appellants' Fifth Assignment of Error dispositive, we will address the arguments therein first. In their Fifth Assignment of Error, appellants argue that a proper application of the standards of Civ.R. 23 could not have resulted in the "typicality" and "adequacy of representation" factors being found unsatisfied. We disagree.
 {¶ 16} Appellants herein sought a definition of a class as "all individuals who, on or after August 16, 1987 (or such earlier or later limitation date for contract actions as specified by the law of the state in which the transaction was made), did or will enter a credit sale contract or purchase money loan with plaintiff [Tammac] (or any predecessors in interest) the proceeds of which were or will be used to purchase goods and/or services for personal, family or household purposes, under consumer credit contracts similar to those used [in the Norch transaction]." The subclass sought consisted of "all such persons who did or will enter such transactions in the State of Ohio at any time on or after December 1, 1998." In support, appellants provided documentation of fifty-six potential class members based on computer court records searches in four Ohio counties.
 {¶ 17} Appellants contend they are alleging injury from the same consumer practices and forms which appellee ordinarily uses in transacting with the class and subclass members. Appellants further propose: "The causes of action asserted for defendants are the same causes of action asserted for the absent class members they seek to represent. There is no evidence that defendants have less reason than the class to actively pursue the class claims; in fact, the pendency of plaintiff's [appellee's] action assures their pointed interest in achieving success on those claims." Appellant's Brief at 21.
 {¶ 18} We note appellants seek class certification from the position of a defendant-counterclaimant in what commenced as a replevin/foreclosure case. Although Civ.R. 23 allows for class certification based on both claims and defenses, our research suggests a certain paucity in caselaw analysis of counterclaimants seeking class certification (as opposed, for example, to discussion of the role of counterclaims filed in response to traditional plaintiffs' class action lawsuits). See, e.g., Channell v. Citicorp Nat. Services, Inc. (1996),89 F.3d 379, 387: "Citicorp's counterclaim recasts this case as a defendant class action for damages, which although not unheard-of is certainly `exceptional.' "[2]
 {¶ 19} In Radisson Hotels International, Inc. v. AmeliaInvestments, Inc. (M.D.Fla. 1992), 1992 WL 167051, Radisson filed a complaint against Amelia and another defendant seeking recovery based upon allegations of breach of contract regarding the sale and transfer of a certain hotel property, violation of The Lanham Act, and common law unfair competition. Amelia counterclaimed and later sought to add a new count as a class action seeking additional declaratory and injunctive relief. The court denied the motion to amend, in part because " * * * the class action rule was not intended to permit a private litigant to enhance his own bargaining power by a claim that he is acting for a class of litigants." Id. at 3, citing Free World Foreign Cars, Inc. v. AlfaRomeo, 55 F.R.D. 26, 30 (S.D.N.Y. 1972). The court further concluded: "Radisson's breach of contract claim is only against Amelia. Amelia clearly cannot construe the litigation as a contract claim against all Radisson franchisees operating under an identical contractual provision regarding reservation revenues. Amelia does not contend that the presence of what it estimates are 300 additional counterclaimants is necessary to resolve either the Lanham Act dispute or contractual dispute in this case."
 {¶ 20} Turning to Ohio caselaw, in Elsea Financial Services Inc.v. Burkhart, Morgan App. No. CA-01-01, 2001-Ohio-1425, we addressed a counterclaimant's attempt to obtain class certification, also in a dispute over the purchase of a manufactured home, finding no abuse of discretion in the trial court's denial of the Civ.R. 23 motion. Moreover, in Terminal Supply Co. v. Farley (Jan. 11, 1991), Lucas App. No. L-90-041, the Sixth District Court took a closer look at the type of issue presented in the assignment of error at hand. In that case, Terminal Supply Co., an auto sales entity, brought suit against the appellants, Thomas and Gretchen Farley, alleging causes of action for breach of contract, "destruction of property," and fraud. The Farleys answered and filed a counterclaim, on behalf of themselves and all others similarly situated (estimated to exceed 300 individuals), alleging Terminal had, by tampering with car odometers, violated 15 U.S.C.A. § 257.233(a)(5); R.C. §§ 4549.42, 4549.43; 4549.45, and 4549.46; and committed fraud. Appellants also sought an injunction and class action certification. After reviewing Cardinal Federal S. L. v.Michael Bldg. Co. (Dec. 23, 1987), Summit App. No. 13139, another Ohio class action counterclaim case, the Sixth District Court opined: "There is a danger in such cases as the one before us that the representative's action was brought as a retaliatory measure and that if he succeeds on the main action, that he will not continue to actively litigate the class action. The trial court is better able to determine whether any potential antagonism exists between the interests of the representative and the class members since it has the opportunity to observe the parties. We find that appellants [the Farleys] have not demonstrated that the court abused its discretion in this case when it sought to protect the class members from this potential problem." Thus, in the case sub judice, while we would not go so far as to label appellants' class action counterclaims "a mere smokescreen," as appellee urges (Appellee's Brief at part E), we are unpersuaded upon review that the "adequacy of representation" factor being found unsatisfied by the trial court would constitute an abuse of discretion under the facts and circumstances of this case.
 {¶ 21} Accordingly, appellant's Fifth Assignment of Error is overruled.
 I., II., III., IV., VI., VII. {¶ 22} In their First, Second, Third, Fourth, Sixth, and Seventh Assignments of Error, appellants argue that a proper application of the standards of Civ.R. 23 could not have resulted in the remaining factors under the rule being found unsatisfied.
 {¶ 23} To have a class action certified, the plaintiff must show that all of the seven requirements of Civ.R. 23(A) and (B) are met, and the failure of any one of those seven requirements will result in the denial of certification. Bardes v. Todd (2000), 139 Ohio App.3d 938,943. Thus, based on our holding in regard to appellants' Fifth Assignment of Error, further analysis by this Court would merely result in the issuance of an advisory opinion. See, e.g., State v. Brown (Jan. 24, 2000), Stark App. No. 1999CA00188.
 {¶ 24} Accordingly, appellants' First, Second, Third, Fourth, Sixth, and Seventh Assignments of Error are overruled as moot.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.
[1] First Counterclaim: breach of contract under the Federal Trade Commission "preservation of consumer defenses" rule, 16 C.F.R. § 433; Second Counterclaim: violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.01 et seq.; Third Counterclaim: common-law fraud; Fourth Counterclaim: violation of the preservation of consumer defenses provisions of the Ohio Retail Installment Sales Act, R.C. §§ 1317.031
— .032; Fifth Counterclaim: violations of the Ohio Corrupt Practices Act, R.C. § 2923.31 et seq.; Sixth Counterclaim: engaging in unlicensed consumer lending in Ohio in violation of R.C. § 1321.02
and/or R.C. § 1321.52.
[2] As Ohio's rule is quite similar to Fed.R.Civ.P. 23, federal authority has been considered an appropriate aid to interpretation. SeeMarks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200, 201.