OPINION.
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Diane Harris, appeals the decision of the Ashtabula Court of Common Pleas, Domestic Relations Division, granting her a divorce from Appellee, Thomas Harris. The issues we must resolve are whether the trial court erred: 1) when determining the de facto termination date of the marriage was the date the complaint was filed; 2) in not awarding spousal support; 3) in not establishing or awarding any temporary child or spousal support; 4) in not awarding attorney fees and expenses; 5) in making its award of the tax dependency exemptions; and, 6) in deviating more than twenty-five percent from the calculated amount of child support.
 {¶ 2} We conclude that the trial court properly determined the de facto date was the date Diane filed the complaint since neither party made any attempt to reconcile and both parties maintained separate homes and finances from that date on. We also conclude the trial court did not abuse its discretion when determining that Thomas would not have to pay Diane any spousal support given the trial court's proper review and application of the relevant statutory factors. Further, we conclude the trial court properly denied Diane's request for temporary child and spousal support since she waived this argument at an earlier hearing and more importantly was receiving support from Thomas for the entire duration of the pending divorce. Finally, we conclude the trial court properly denied Diane's request for attorney fees and expenses since she had sufficient funds to pay these costs on her own. Moreover, Diane failed to introduce any evidence that she was in any way prevented from litigating these issues.
 {¶ 3} However, we conclude the trial court erred by disregarding the parties agreement regarding the awarding of tax dependency exemptions and that portion of the judgment is reversed. We similarly conclude that the trial court erred by deviating from the calculated amount of support because the record reflects no evidence of any extraordinary situation which require such a deviation and that portion is reversed and remanded for further proceedings. Accordingly, the judgment of the trial court is affirmed in part, reversed in part and remanded.
 Facts {¶ 4} Diane and Thomas were married on January 28, 1981. The couple had three children during the marriage, all of which are minors. At the time Diane filed for divorce on March 30, 2001, she was employed as a teacher and Thomas was employed as a municipal judge.
 {¶ 5} On June 11, 2002, the trial court was presented with written stipulations regarding the disposition of the marital and separate assets and liabilities of the parties. The parties also presented the trial court with an amended shared-parenting plan that was approved by the Guardian ad Litem. The parties agreed that the only issues to be resolved were the determination of the period constituting "during the marriage"; the disposition of Diane's request for temporary child and spousal support; the calculation of ongoing child support; and, the determination of whether Diane was entitled to an award of attorney fees. These issues were tried before the court on June 11, 2002 and the trial court rendered its final judgment on August 13, 2002.
 {¶ 6} Diane has presented this court with six assignments of error. For the sake of clarity, they will not be addressed in the numerical order originally assigned by Diane. First, Diane asserts:
 {¶ 7} "The court erred in determining the period `during the marriage' to be from December 28, 1981 to the filing date of the complaint in 2001."
 {¶ 8} Diane argues that the trial court erroneously selected the filing date of the complaint as being the date of the termination of marriage because the trial court based its decision upon a stipulation as to the date that was never made by the parties. However, this error made by the trial court when setting the de facto date of termination is harmless since its decision was otherwise supported by the record.
 {¶ 9} Trial courts possess broad discretion in choosing the appropriate termination of marriage date for the purposes of valuing property. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Thus, the termination of marriage date will not be disturbed absent an abuse of discretion. Id. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Masters v. Masters, 69 Ohio St.3d 83, 85,1994-Ohio-483. When applying this standard, we are not free to merely substitute our judgment for that of the trial court. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169. However, this discretion is not unlimited. Berish, at 321, fn. 1.
 {¶ 10} The duration of the marriage is critical in distinguishing marital, separate and post-separation assets and liabilities, and determining appropriate dates for valuation. See Berish. Trial courts often terminate marriages as of the date of the final hearing. R.C.3105.171(A)(2) (FN1). Nevertheless, the Ohio Supreme Court has stated that equity may occasionally require the trial court to choose a de facto termination of marriage date. Berish. R.C. 3105.171(G) states that the trial court "shall specify the dates it used in determining the meaning of `during the marriage.'" The trial court is not statutorily required, by either R.C. 3105.171(A)(2)(b) or R.C. 3105.171(G), to make a factual finding to support its determination. Thus, absent a request for findings of fact and conclusions of law, we will affirm a court's use of a de facto termination date, even in the absence of an expression of its rationale, if there is any evidence in the record to support it. Eddy v.Eddy (Aug. 14, 2002), 4th Dist. No. 01CA20.
 {¶ 11} Generally, trial courts use a de facto termination of marriage date when the parties separate, make no attempt at reconciliation, continually maintain separate residences, separate business activities and/or separate bank accounts. See Gullia v. Gullia
(1994), 93 Ohio App.3d 653, 666. Courts should be reluctant to use a de facto termination of marriage date solely because one spouse vacates the marital home. Day v. Day (1988), 40 Ohio App.3d 155, 158. Rather, a trial court may use a de facto termination of marriage date when the evidence clearly and bilaterally shows that it is appropriate based upon the totality of the circumstances. Id.
 {¶ 12} In the present case, the evidence indicates that the parties were in fact maintaining separate residences and there was no attempt at reconciliation. Diane had been living mainly off of her inheritance in order to pay the monthly bills and rent for her condominium while Thomas continued to pay the mortgage on the former marital residence. Significantly, Diane served Thomas with the complaint which contained a restraining order prohibiting Thomas from having anything to do with the transfer, control, or managing of property, bank accounts, or savings accounts. We find these facts clearly indicate that the parties did not intend to reconcile. Although the trial court may have erroneously stated in its journal entry that the reason for setting the de facto date of termination at the time of the filing was the stipulation by the parties, this was harmless error. We conclude there is enough evidence in the record for us to affirm the trial court's decision to choose that particular date. This assignment of error is meritless.
 {¶ 13} Next, Diane asserts:
 {¶ 14} "The court erred in not awarding spousal support."
 {¶ 15} "It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v.Cherry (1981), 66 Ohio St.2d 348, 352. `The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In making a spousal support award, a trial court must consider all of the relevant factors in R.C. 3105.18 then weigh the need for support against the ability to pay. Layne v. Layne (1992),83 Ohio App.3d 559, 562-563. The resulting award must be "fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 94. An equitable result requires that to the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors of R.C. 3105.18. Buckles v. Buckles
(1988), 46 Ohio App.3d 102, 110.
 {¶ 17} After a trial court divides the marital property, it must determine whether it will award spousal support. R.C. 3105.18(B). When a trial court determines whether spousal support is appropriate and reasonable, and if so, the amount of that spousal support, a trial court must look to the fourteen statutory factors listed in R.C. 3105.18(C).Kaechele at paragraph one of the syllabus.
 {¶ 18} In conducting this determination, the trial court must consider all the statutory factors and not consider any one factor taken in isolation. Kaechele at 96. The goal of this exercise is to achieve an equitable result. Id. We recognize that whether the parties' standard of living has been altered as a result of the divorce, or whether the parties will no longer enjoy a similar standard of living as that previously enjoyed during the term of the marriage, is not dispositive of the equitableness of a spousal support award. See Kaechele.
 {¶ 19} Here, the trial court determined that Thomas is a forty-five year old judge in relatively good health. Diane is only forty-two years old, also in good health, and has a teaching degree and contract with Perry Local School District. The trial court further determined that neither party's standard of living has suffered since the divorce. Admittedly, Thomas' income of $93,417 per year is much greater than Diane's income of $37,812. But, we conclude that after child support has been awarded to Diane in the calculated amount, the disparity in income will be greatly reduced. Accordingly, the trial court did not abuse its discretion by failing to award spousal support to Diane. This assignment of error is also meritless.
 {¶ 20} As her next assignment of error, Diane asserts:
 {¶ 21} "The court erred in not establishing or awarding any pendente lite child or spousal support."
 {¶ 22} Diane argues that the trial court abused its discretion by failing to award temporary spousal support throughout the pending divorce proceedings, despite the fact that Thomas began sending checks to Diane and the children soon after she filed for divorce. We disagree. Pursuant to Civ.R. 75,
 {¶ 23} "(1) When requested in the complaint, answer, or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or magistrate, without oral hearing and for good cause shown, may grant spousal support pendente lite to either of the parties for the party's sustenance and expenses during the suit and may make a temporary order regarding the support, maintenance, and allocation of parental rights and responsibilities for the care of children of the marriage, whether natural or adopted, during the pendency of the action for divorce, annulment, or legal separation." Id.
 {¶ 24} Courts are entrusted with immense discretion in determining the appropriate amount of temporary support to be awarded a spouse.Gullia v. Gullia (1994), 93 Ohio App.3d 653, 665. So, our review of the propriety of the amount of temporary support awarded is once again limited to ascertaining whether the trial court abused its discretion. Id.; Soleyv. Soley (1995), 101 Ohio App.3d 540; Kunkle at 67. R.C. 3105.18 governs the award of temporary spousal support and provides that during the pendency of any divorce, the court may award "reasonable" temporary spousal support to either party. In determining whether spousal support is appropriate and reasonable, the court should consider, among others, the following factors: the spouse's ability to pay, the dependent spouse's need, and the standard of living that the parties maintained during their marriage. None of these factors are necessarily determinative; the court's decision should be based upon the facts and circumstances of the particular case. Kaechele.
 {¶ 25} Here, the court stated in its journal entry regarding temporary spousal support:
 {¶ 26} "Plaintiff fails to acknowledge that on July 3, 2001, this Court had a status conference with then Plaintiff's Attorney, Manav Raj, Esq., and Defendant's Attorney Luke Gallagher, and that at that conference, the Attorneys informed the Court that they were working out all issues, that Defendant who has been the sole support of his family, was adequately supporting his wife and children and paying all expenses. That when some of the marital debts were paid without need for Court Orders, the Defendant increased his support to the family."
 {¶ 27} This statement made by the trial court is supported by evidence adduced at trial that Thomas had been sending three hundred dollars twice a month to Diane shortly after she filed for divorce and then later, after the July 3 hearing, increased the payments to four hundred dollars every two weeks. Additionally, Thomas continued to pay the mortgage on the marital home, the credit card bills, the insurance bills, and all other marital debt payments. In light of this evidence, we conclude the trial court did not abuse its discretion by not ordering Thomas to pay Diane temporary spousal support. This assignment of error is also meritless.
 {¶ 28} As her next assignment of error, Diane asserts:
 {¶ 29} "The trial court erred in failing to award attorney fees and expenses."
 {¶ 30} R.C. 3105.18(H) governs the award of reasonable attorney's fees. The court must determine whether either party will be prevented from fully litigating his or her rights and if that party's rights will be adequately protected without an award. The award of attorney's fees resides in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Williams v.Williams (1996), 116 Ohio App.3d 320, 328.
 {¶ 31} In considering whether or not to award attorney's fees in a divorce proceeding, the trial court must consider the factors set forth in R.C. 3105.18(B), as such an award is considered to be spousal support. Glick v. Glick (1999), 133 Ohio App.3d 821, 831. Before making its decision regarding the award of attorney's fees, the trial court must determine that: (1) the attorney fees are reasonable; (2) the other party has the ability to pay the award; and, (3) whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests in the absence of an award. Trott v.Trott, 10th Dist. No. 01AP-852, 2002-Ohio-1077. A trial court does not abuse its discretion by denying a request for attorney's fees upon a finding that both parties were able to pursue and fully litigate their rights adequately. Fisher v. Fisher, 3rd Dist. No. 7-01-12,2002-Ohio-1297.
 {¶ 32} Here, there was evidence that Diane had recently received an inheritance of $26,000 with much of that remaining at the time of the divorce. These funds were available to her for payment of her own attorney fees. Further, Diane testified that she paid the $3,000 retainer to her first attorney with marital funds taken out of a joint account. Considering our conclusion that the trial court did not err in failing to award spousal support, we cannot now say that the trial court erred in failing to award attorneys fees for much the same reason. Diane had the resources to pay the attorneys fees and in was in no way hindered from fully litigating her rights. Accordingly, this assignment of error is meritless.
 {¶ 33} The next assignment of error we must address asserts:
 {¶ 34} "The trial court erred in its award of the tax dependency exemption."
 {¶ 35} Diane argues the trial court erred in deviating from the parties' shared parenting plan which provided: "The father shall have the tax credit and the right to claim Leigh as dependent for federal, state, and local income tax purposes, and Rosemary even-numbered years. When Leigh emancipates, the parties will split Paul's exemption."
 {¶ 36} Pursuant to R.C. 3119.82, if the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. Thomas concedes on appeal that he did in fact stipulate to the portion of the agreement which allocated the tax exemptions and did not challenge Diane on this particular assignment of error. Accordingly, the trial court abused its discretion when it deviated from the parties' agreed allocation of tax exemptions. This portion of the trial court's judgment is reversed and modified to reflect the intent of the parties.
 {¶ 37} Finally, Diane's remaining assignment of error asserts:
 {¶ 38} "The trial court erred in its determination of child support."
 {¶ 39} Diane argues the trial court erred in deviating from the child support guideline amount of $1,385.00 to $1,000.00 without explanation. In contrast, Thomas claims the trial court properly deviated from the calculated amount based upon the amount of time he would be spending with the children and the fact that he was solely responsible for transporting the children.
 {¶ 40} Generally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support. Coleman v.Campbell, 11th Dist. No. 2001-G-2401, 2002-Ohio-3841, at ¶ 12, citing Hurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3119.23, and upon a determination that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3109.22 andColeman, citing Carpenter v. Reis (1996), 109 Ohio App.3d 499, 504. Absent an abuse of discretion, a trial court's determination in this regard will not be disturbed on appeal. Pauly v. Pauly, 80 Ohio St.3d 386,390, 1997-Ohio-105.
 {¶ 41} R.C. 3119.022 governs procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern is the best interest of the child for whom the support is being awarded. Coleman, ¶ 13, citing Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-142. If the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. Furthermore, a party that attempts to rebut the basic child support guideline amount has the burden of presenting evidence which proves that the calculated award is unjust, inappropriate or not in the best interest of the child. Coleman, ¶ 13.
 {¶ 42} R.C. 3119.23 enumerates the factors to be considered by a court prior to deviating from the amount of support that would otherwise result from the use of the schedule where such amount would be unjust or inappropriate and would not be in the best interest of the child. These factors include any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor. R.C.3119.23(A)-(P).
 {¶ 43} "After figuring [the initial calculation on the worksheet], the court may consider factors that lean toward deviation from this amount. In doing so, the court must first set forth the presumed amount as set forth in Ohio's Child Support Guidelines. Then, the court must find and state that this amount would be unjust or inappropriate and that this amount would not be in the child's best interests. In addition, the court must set forth findings of fact supporting this determination and the basis for the deviation. R.C. 3119.22
and 3119.23. The worksheet contains a line, presently line 24.a., on which the court must specifically enter the amount of the deviation. The worksheet then has a line where the court must input the final figure of child support, which is the presumed amount minus or plus the deviation amount." Tarr v. Walter (June 19, 2002), 7th Dist. No. 01JE7,2002 Ohio 3188, ¶ 12.
 {¶ 44} In this case, the trial court deviated from the child support guidelines calculation of $1,385.00 to $1,000 per month apparently because of the amount of time Thomas would be spending with the children and the cost of the children's transportation to and from Diane's home. However, the evidence adduced does not indicate a situation which could be classified as extraordinary. In fact, it appears that the schedule in this case does not differ in any meaningful way from a standard parenting visitation schedule. This cannot support deviation of more than twenty-five percent. Thomas will not be spending an extraordinary amount of time with the children, nor will he have any extraordinary travel expenses from transporting the children half an hour each way. We conclude the expenses complained of by Thomas to be nothing more than the cost of being a parent and are in no way extraordinary. Accordingly, the trial court abused its discretion by permitting such deviation. Diane's third assignment of error is meritorious and this portion of the judgment is reversed and remanded to the trial court for further proceedings.
 {¶ 45} In conclusion, the trial court erred by modifying the agreement between the parties regarding the tax dependency exemptions and this portion of the judgment is reversed and modified to reflect the intent of the parties. Further, the trial court erred in deviating from the calculated and presumptively correct amount of child support and this portion of the judgment is reversed and remanded for the proper calculation of child support.
 {¶ 46} Accordingly, the judgment of the trial court is affirmed in part, reversed in part and remanded to the trial court for further consideration.
Waite, P.J. and Vukovich, J., concur.