OPINION JUDGMENT ENTRY
{¶ 1} Appellant Robert A. Schott appeals a post-decree decision of the Tuscarawas County Court of Common Pleas. Appellee Anita Schott is his former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married in 1985 and divorced in Tuscarawas County on July 27, 2000. Two children were born as issue of the marriage, both minors at the time of the divorce. Appellant was ordered to pay support of $236.93 per month per child. By terms of the separation agreement, appellant conveyed his equity in the marital residence, a value of $12,000, to appellee. Appellee was correspondingly required to compensate appellant by paying $8,000 within thirty days, and to pay the balance of $4,000 no later than the younger child's eighteenth birthday. No interest charges were to be incurred on the unpaid balance. The separation agreement further set forth that appellant would be entitled to claim both children as dependents for income tax purposes until such time as the $4,000 balance would be paid by appellee to appellant in full.
 {¶ 3} On June 26, 2002, appellant filed a motion to modify child support, indicating that he had taken a disability leave from his job. Child support for both children was thereupon modified via judgment entry to $237.81 per month.
 {¶ 4} On April 3, 2003, appellant filed another motion to modify child support, based on his recent attainment of social security disability benefits. On May 22, 2003, the court terminated the child support order, finding that appellant's disability had resulted in social security derivative benefits of $270 per month per child.
 {¶ 5} On May 22, 2003, appellee filed a motion seeking a reallocation of income tax dependency exemptions. A hearing was conducted before a magistrate. On August 12, 2003, the magistrate issued a decision granting the dependency exemptions for both children to appellee, despite the separation agreement provision that she first pay off the $4,000 balance incurred from the division of the marital residence equity.
 {¶ 6} Appellant filed an objection to the decision of the magistrate, pursuant to Civ.R. 53. On October 2, 2003, the trial court overruled same, and adopted the decision of the magistrate. Appellant filed a notice of appeal on October 17, 2003, and herein raises the following three Assignments of Error:
 {¶ 7} "I. A trial court errs in modifying terms of a property division previously approved by the court and incorporated by the court into the decree of divorce.
 {¶ 8} "II. The trial court erred in failing to review all required pertinent factors in reallocating the dependency exemptions to the wife based solely on the factor of `tax savings.'
 {¶ 9} "III. The trial court improperly reallocated the tax dependency exemption agreed upon by the parties as a part of a shared parenting plan."
 I {¶ 10} In his First Assignment of Error, appellant argues that the trial court erred in awarding appellee the children's tax dependency exemptions, when the prior allocation of the exemptions was incorporated into the parties' property division. We disagree.
 {¶ 11} Appellant directs us to R.C. 3105.171(I), which mandates that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." However, this initially begs the question of whether or not tax dependency exemption allocations are a form of marital property division.
 {¶ 12} In Bardes v. Todd (2000), 139 Ohio App.3d 938, a former spouse argued against the inclusion of tax dependency exemptions in a shared-parenting plan, proposing that such an inclusion made the exemptions "in the nature of child support," and therefore subject to the continuing jurisdiction of the trial court. The First District Court reasoned that the exemptions could be properly placed in a shared-parenting plan, but held that "[t]he clause in the parties' property-settlement stipulations that seeks to characterize dependent tax exemptions as property is void as contrary to statutory authority based on public policy, but only to the extent the characterization seeks to avoid the continuing jurisdiction of the trial court." Id. at 942. The court further analyzed the seminal case of Singer v.Dickinson (1992), 63 Ohio St.3d 408, recognizing the Ohio Supreme Court's concern therein that an artificial distinction would be created if orders to pay support were modifiable but orders allowing a dependency exemption were not. The Bardes
court also noted that the Supreme Court in Singer had modified the syllabus of Hughes v. Hughes (1988), 35 Ohio St.3d 165, to delete any reference to marital property. Bardes at 942.
 {¶ 13} In Forest v. Forest (1993), 82 Ohio App.3d 572, we affirmatively rejected the proposition that pre-guideline support obligations in separation agreements could not be subsequently modified, reasoning that "[t]he legislature enacted the support guidelines for the benefit of children and did not provide for exceptions in the application of those guidelines where, as here, prior separation agreements were involved." Id. at 573. The modern statutory authority regarding exemptions, R.C. 3119.82, states in pertinent part that "[w]henever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *." Thus, because the General Assembly has clearly interwoven the award of the tax exemption with the issue of child support, we find no merit in appellant's suggestion that any post-decree court modification of the exemption allocation is barred by the earlier allocation of the exemption within a divorce property division award.
 {¶ 14} Accordingly, appellant's First Assignment of Error is overruled.
 II {¶ 15} In his Second Assignment of Error, appellant argues that the trial court erred in failing to review all pertinent factors in reallocating the tax exemption. We disagree.
 {¶ 16} Appellant specifically contends the magistrate failed to take into account his financial needs and circumstances, and failed to consider the benefit he would have received had appellee been required to pay off the remaining debt as per the separation agreement, prior to obtaining the exemptions. However, this Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See, e.g., State v.Leite (April 11, 2000), Tuscarawas App. No. 1999AP090054. Thus, our present review is limited to a review of the trial court's actions in light of the facts as presented in the magistrate's decision. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730.
 {¶ 17} The relevant findings of the magistrate are as follows:
 {¶ 18} "* * * Robert Schott has become completely disabled and has been receiving Social Security Disability Benefits in the amount of One Thousand Eighty-Two Dollars ($1,082.00) per month. He began receiving the Social Security Benefits in February of 2003.
 {¶ 19} "3. Anita Schott earned the sum of $24,287.00 in 2002, according to her income tax return.
 {¶ 20} "4. Robert Schott withdrew the sum of $1,944.43 so far during 2003 from his 401k. He does not anticipate withdrawing any more funds from that 401k.
 {¶ 21} "5. If Robert Schott claims the two (2) children for tax purposes, the maximum he can save in Federal and State tax savings from having the dependency exemption is $600.00. If Anita Schott claims both children for tax purposes, the maximum she can save from claiming them is $2,030.00. The Magistrate finds that circumstances have changed significantly since the time of the decree, as Robert Schott is now disabled, has essentially no taxable income, and no longer pays child support as the children are now receiving derivative Social Security benefits. The Magistrate further finds, that the tax dependency allocation should be made so as to result in the greatest net tax savings. It is also appropriate that the tax savings be in the home where the children reside, that being Anita Schott's home." Magistrate's Decision at 2.
 {¶ 22} Upon the aforementioned limited review, we find no error or abuse of discretion in the trial court's adoption of the magistrate's well-reasoned findings and conclusions.
 {¶ 23} Appellant's Second Assignment of Error is overruled.
 III {¶ 24} In his Third Assignment of Error, appellant contends the trial court erred in modifying the tax exemption allocation where said allocation was part of a shared parenting plan. We disagree.
 {¶ 25} In support, appellant cites Harris v. Harris,
Ashtabula App. No. 2002-A-81, 2003-Ohio-5350. However, Harris
was a direct appeal from a divorce action, not a post-decree ruling, and the issue on appeal centered on whether the final decree had improperly deviated from the allocation of tax exemptions which the parties had already agreed on during the underlying divorce proceedings. See R.C. 3119.82: "* * * If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. * * *." Appellant's reliance onHarris is therefore misplaced, and we find no merit in his arguments as to the relevance of the parties' shared parenting plan on the tax exemption issue.
 {¶ 26} Appellant's Third Assignment of Error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.
Judgment affirmed.
Farmer, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.