**MYERS, Appellee,**

v.

**PARKS, Appellant.**

[Cite as *Myers v. Parks,* 167 Ohio App.3d 329, 2006-Ohio-2352.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1328.

Decided May 12, 2006.

330

■■■■■■

■■■■■■

■■■■■■

■■■■■■

■■■■■■

■■■■■■

Keithley B. Sparrow, for appellee.

Dennis P. Strong, for appellant.

SKOW, Judge.

{¶ 1} This cause comes on appeal from the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. The parties, Michelle M. Parks, appellant, and Richard A. Myers, appellee, were granted a final judgment of divorce on September 23, 1999. Parks was designated as the residential parent of a minor child and appellee was granted visitation. This appeal arises from a dispute over the enforceability of a clause in the judgment of divorce which states as follows:

■ {¶ 2} "[Parks] is hereby awarded a lump sum judgment in the sum of $15,000.00 against [Myers]. [Myers] shall pay the first $5,000.00 to [Parks] on or before September 5, 1998. The remaining $10,000.00 shall be due and owing only if [Myers] files any Motions in this Court, except to modify child support."

{¶ 3} On July 28, 2003, appellee filed a motion to review, inter alia, the allocation of parental rights and responsibilities, child support, and medical insurance. On October 24, 2003, Parks filed a motion seeking enforcement of the above provision in the divorce decree and asked that she be awarded $10,000. The underlying issues were settled, but the issue of enforcing the disputed provision was submitted to a magistrate. The magistrate determined the provision to be unenforceable, and the trial court affirmed the decision, writing: "[T]he provision is, in effect, a restraint of [appellee's] right to invoke the continuing jurisdiction of the Court pertaining to the custody and care of the minor child of the parties and is not in the best interest of the child. Accordingly, the Court finds that the provision will not be enforced, as it is void as against public policy."

{¶ 4} Parks raises one assignment of error for review:

{¶ 5} "The trial court erred in denying appellant her property rights granted to her by the final judgment entry of divorce dated September 23, 1999 by changing the provisions of the final judgment entry of divorce in denying appellant her lump sum award and by retaining jurisdiction over the property division of the parties."

{¶ 6} This matter presents a conflict between two competing principles: on one hand, the finality and enforceability of property divisions and contractual agreements in final divorce decrees, see *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413; on the other, the policy of prohibiting impediments to a parent's right to access the domestic-relations court's continuing jurisdiction over disputes involving children. We must conclude that the latter principle trumps the former: Parties may not contractually abnegate their right to invoke the continuing jurisdiction of the court over allocations of parental rights and responsibilities.

{¶ 7} The continuing jurisdiction of domestic-relations courts over matters involving children has been deemed fundamental to upholding the state's interest in children's welfare. "[U]nder the doctrine of parens patriae, courts are entrusted to protect the best interest of children." *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 224, 749 N.E.2d 299 ("*Kelm II*"), citing *Kelm v. Kelm* (1993), 68 Ohio St.3d 26, 30, 623 N.E.2d 39 ("*Kelm I*"). Thus, matters involving a child's best interests may not be submitted to arbitration, even by the agreement of the parents. Id. at syllabus. Although the "law permits parties to voluntarily waive a number of important legal rights * * * a waiver of rights will be recognized only when the waiver does not violate public policy." Id. at 226, 749 N.E.2d 299.

{¶ 8} Here, although the parties did not entirely waive Myers's right to access the court, but merely conditioned access upon payment of $10,000, the payment acts as a restraint on access found impermissible with respect to similar matters. See *Snyder v. Snyder* (1985), 27 Ohio App.3d 1, 4, 27 OBR 1, 499 N.E.2d 320 (superseded by statute on another issue) (finding that stipulations to pay attorney fees in the event that a party to a divorce seeks to modify child support are unenforceable as contrary to public policy); *Bardes v. Todd* (2000), 139 Ohio App.3d 938, 941–942, 746 N.E.2d 229 (striking agreement to label allocation of dependency tax exemption "property," as it avoided the continuing jurisdiction of court over child support).

{¶ 9} Alternatively, Parks argues that the $10,000 was a property division that was due and owing from the time of the divorce, because she chose to "forgo the immediate payment of the remaining $10,000" in an effort to protect her child from an abuser. In trial court filings and in her appellate brief, Parks alluded to previous allegations that Myers was abusive and that the $10,000 was meant to

protect the child. In his brief, Myers pointedly responds that Parks could not have had such "an abiding conviction" because "she would not have, in effect, sold the child" for $10,000.

{¶ 10} The phrase "only if" is unambiguously conditional language—it is, in fact, a term of art. "X only if Y" clearly means that Y is a necessary condition precedent for X to occur. Parks cannot now claim that the $10,000 was always due and owing from the time of the original divorce decree. It is disingenuous to argue that the trial court's decision punishes her for failing to collect the money immediately after the divorce. The provision was plainly made with the expectation that she may never receive the money, as it was only triggered upon Myers's filing a motion. It was meant to deter action. Parks was well aware of the provision's conditional nature, as evidenced by her filing for payment of the $10,000 within a month of Myers's filing a motion to review the allocation of parental rights.

{¶ 11} Parks also argues that if the condition is void, then she must still be able to collect the $10,000 because conditions cannot be placed on property divisions in a divorce decree, citing *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142. It is axiomatic that any conditions limiting the division of marital property are unenforceable. Id. at syllabus. The *Zimmie* plaintiff received the property divided to her without the conditions attached, because she was "legally entitled to that portion of the award which is classified as a division of marital property. Her eventual remarriage, death, cohabitation or any other contingency is utterly irrelevant to her entitlement to this amount." Id. at 98, 11 OBR 396, 464 N.E.2d 142.

{¶ 12} Classifying something as "property" does not make it so. "That which we call a rose by any other name would smell as sweet."[1] This provision—whatever it smells like—operates as a fine. *Zimmie's* rule cannot, therefore, operate to Parks's profit simply because the $10,000 award—conditioned upon an exercise of rights—was classified as marital property. *Bardes v. Todd*, 139 Ohio App.3d 938, 746 N.E.2d 229, struck the classification of a dependency tax exemption as "property," since it removed the resolution of future disputes from the court's continuing jurisdiction over child support. This provision is similarly unenforceable. The trial court justly wrote: Such provisions have a "chilling effect upon the enforcement of rights," and "serve only to intimidate a parent from seeking to bring before the court issues concerning a child."

{¶ 13} Appellant's assignment of error is not well taken, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.

---

1. Shakespeare, William. *Romeo and Juliet*, Act II, Scene ii.

24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.