OPINION
Defendant-appellant, Erin T. Roche, appeals from the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, sustaining the magistrate's decision that reduced plaintiff-appellee's, Jeffrey G. Roche's, child support payments.
The parties were married on June 16, 1984. They have one minor child, Brittany Erin (d.o.b. 7/12/90). The parties terminated their marriage by a decree of dissolution on March 20, 1997. The parties agreed by way of a separation agreement, which the court subsequently incorporated into the dissolution decree, that appellant would be Brittany's residential parent and that the parties would deviate upward from the child support obligation based on the child support guidelines. They agreed that appellee would pay child support in the amount of $980.40 plus fees per month. At that time, appellee worked for Lever Brothers and earned an annual salary of $70,000.
Lever Brothers subsequently underwent corporate restructuring which would have required appellee to relocate. Since appellee did not want to relocate away from Brittany, he obtained employment with Advantage Sales at a yearly salary of $65,000. On April 18, 2000, appellee filed a motion for reduction in child support alleging a change of circumstances. The magistrate held a hearing on the motion and issued findings of fact and conclusions of law. The magistrate's June 21, 2000 decision reduced appellee's child support payments to $741.61 per month plus fees effective April 18, 2000. Appellant filed objections to the magistrate's decision. The trial court entered its judgment adopting the magistrate's decision on December 7, 2000. Appellant filed her timely notice of appeal on January 5, 2001. The trial court granted appellant's motion for a stay of the December 7, 2000 judgment entry pending this appeal.
Appellant asserts one assignment of error, which states:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY HOLDING THAT, IN MODIFYING CHILD SUPPORT OBLIGATIONS, STATUTORY DEVIATIONS OF TEN PERCENT ARE CALCULATED USING THOSE AMOUNTS FOUND AT LINE 27 OF THE STANDARD CHILD SUPPORT COMPUTATION FORM RATHER THAN LINE 24."
Appellant argues that the trial court erred in affirming the magistrate's decision since the magistrate modified appellee's child support payments by using the figure at Line 27 of the child support worksheet as a starting point for computing modification as opposed to the figure at Line 24. Appellant argues that in construing R.C.3113.215(B)(4), it appears that Line 24 is the minimum amount that any obligor is bound to pay in support. Appellant states that Line 27 is to be used for deviations, either upward or downward, from the amount in Line 24. Appellant argues that R.C. 3113.215 mentions the amount set forth on Line 24 as the amount that is "required to be paid" several times. Appellant reasons that if the legislature had intended the amount set forth in Line 27 to be the amount required to be paid, it would have specifically stated so in the statute. Furthermore, appellant claims that because the child support worksheet lists Line 24 as the "actual annual obligation" and Line 27 as the "final figure," Line 24 is synonymous with the obligation that is "required to be paid."
Next, appellant argues that since the separation agreement is a contract, the rules of contract interpretation apply. She asserts that since appellant voluntarily agreed to the upward deviation in support, he is bound by the agreement. She alleges that under the court's reasoning, since appellee's original child support payment was in excess of ten percent above the amount required by Line 24, appellee could seek to undo his obligation to pay the adjusted amount at any time. In support, appellant argues that the case of Smith v. Collins (1995),107 Ohio App.3d 100, controls the case at bar. In Smith, the court dealt with a situation where a child support order was found in an agreed judgment entry between the parties entered into after their marriage had been dissolved. The obligor later moved to reduce his support payments due to a change in circumstances. The court held that in that situation, where the obligor agrees to a child support obligation that exceeds the statutory support schedule by more than ten percent, the obligor must show an additional change in circumstances beyond the ten percent deviation before the court may modify the support order. Id. at 104-105.
When reviewing a child support matter, the appropriate inquiry is whether the trial court abused its discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The trial court retains continuing jurisdiction to modify a separation agreement incorporated into a dissolution decree as to matters pertaining to child support. In re Whitman (1998), 81 Ohio St.3d 239, 241. The trial court's jurisdiction is invoked, as it was in the present case, by motion of one of the parties. In re Tressler (June 11, 1999), Defiance App. No. 4-98-21, unreported, 1999 WL 455525 at *2.
At the time the trial court entered its judgment, R.C. 3113.215 was in effect. However, we should note that the legislature has since repealed R.C. 3113.215. R.C. 3113.215(B)(4) set forth the test to determine whether to modify a child support order already in existence. DePalmo v.DePalmo (1997), 78 Ohio St.3d 535, 539. R.C. 3113.215(B)(4) stated, in pertinent part:
 "If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order."
Additionally, R.C. 3113.215(B)(4) provided:
 "If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child * * *."
The magistrate made numerous findings of fact in the present case. The parties had established in the separation agreement that appellee would pay child support in the amount of $980.40 per month plus fees. The agreement stated that "[t]he parties have deviated upward at the present time." Neither the agreement nor the worksheet indicated the parties' reason for the deviation. The agreement also stated that "the Court shall have continuing jurisdiction over this matter in all questions relating to child support."
The magistrate's findings further reveal the following testimony. Appellee testified that his employment circumstances had changed since he agreed to the upward deviation. He testified that his former employer underwent corporate restructuring and he was unwilling to make the mandatory relocation. He stated that it was not in Brittany's best interest for him to move out of town. Appellee obtained new employment with Advantage Sales at an annual salary of $65,000. Appellee testified that at the time of the dissolution he lived in an efficiency apartment due to the travel constraints of his job. Appellee has since remarried, changed jobs, and plans to build a home. The magistrate found this to be in Brittany's best interest.
The magistrate further found that, according to the child support computation worksheet, appellee's child support obligation is $741.61 per month plus fees. This amount is rebuttably presumed to be the correct amount of child support unless the court finds that amount to be unjust, inappropriate, and not in the child's best interest. R.C. 3113.215(B)(1). The magistrate specifically found that the parties did not provide evidence that child support in the amount of $741.61 per month would be unjust, inappropriate, or in not in Brittany's best interest. The magistrate additionally found that since appellee's recomputed child support obligation was less than the prior computation by more than ten percent, appellee was entitled to a reduction in his support obligation.
Finally, the magistrate distinguished the present case from Smith,supra, by reasoning that in Smith the existing child support order was contained in an agreed judgment entry filed subsequent to the dissolution decree, which required a different standard of review. The magistrate stated that even if Smith was applicable, appellee had shown a substantial change of circumstances in two ways: (1) the calculation of the child support obligation using the parties' current financial income and the child support worksheet resulted in a ten percent decrease from the existing support order; and (2) Lever Brothers' corporate restructuring and appellee's new employment were circumstances not contemplated by the parties at the time of the dissolution.
In adopting the magistrate's decision, the trial court determined that the amount of child support "required to be paid" is that amount the obligor is actually paying, or in this case, the amount in Line 27. The court also opined that Smith was on point with the case sub judice; however, it did not address the precise issue surrounding the language of the statute. The court stated that Smith held that when an obligor agrees to an upward deviation in child support, in order to modify his current support obligation, he must show a substantial change of circumstances beyond the statutory ten percent deviation. Accordingly, the court determined that the magistrate properly found that appellee had shown a substantial change in circumstances beyond the statutory ten percent deviation due to the corporate restructuring of his employer and his subsequent new employment which were not contemplated by the parties at the time of the dissolution. For these reasons, the trial court adopted the magistrate's findings of fact and conclusions of law.
Although appellant spends a considerable amount of time arguing that the trial court improperly used Line 27 as the starting point for determining if a child support modification was warranted, this line of argument is moot. In order to modify a child support order the court must find one of three circumstances: (1) a ten percent deviation from the statutory guidelines; (2) inadequate medical insurance coverage of the child; or (3) a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order. Carpenter v. Reis (1996), 109 Ohio App.3d 499, 504; R.C.3113.215(B)(4).
Both the magistrate and the trial court found that there was a substantial change in circumstances that the parties did not contemplate at the time of the dissolution, which warranted a reduction in appellee's child support obligation. Although the magistrate found that appellee demonstrated the necessary ten percent deviation and therefore a modification in support was warranted, the magistrate did not end her reasoning after reaching this conclusion. The magistrate additionally found that, if Smith, supra, applied, then appellee demonstrated a substantial change in circumstances in two ways: (1) the ten percent deviation; and (2) Lever Brothers' corporate restructuring and appellee's new employment, which were circumstances not contemplated by the parties at the time of the dissolution. Furthermore, although the trial court held that the amount of child support "required to be paid" is the amount in Line 27, it also held that when an obligor agrees to an upward deviation in child support, in order to modify his current support obligation, he must show a substantial change in circumstances beyond the ten percent deviation. Had the court relied solely on the ten percent deviation based on the amount in Line 27, a support modification would not have been justified. However, the trial court agreed with the magistrate that appellant demonstrated a substantial change in circumstances not contemplated by the parties at the time of the dissolution due to the corporate restructuring of his former employer and his subsequent new employment. In addition to the changed circumstances found by the trial court, the magistrate found a further change in circumstances. Appellee remarried in 1998 and planned on building a house, which is in Brittany's best interest. These added changes in circumstance supplement the trial court's finding.
Since a substantial change in circumstances beyond the statutory ten percent deviation existed, it cannot be said that the trial court abused its discretion in modifying appellee's support order. Thus, appellant's sole assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.