DECISION.
{¶ 1} The parties were divorced by decree entered June 24, 1998. Plaintiff-appellee Suzanne E. Thompson was granted custody of the couple's two minor children. Defendant-appellant Gregory P. Boivin was ordered to pay monthly child support in the amount of $750.02 per child. At the time the decree was entered, Boivin's annual gross income was $82,000, and Thompson's annual gross income was $109,944.
{¶ 2} On June 14, 2001, Boivin filed a motion to reduce his child-support obligation. At the time Boivin filed his motion, both parties' annual gross income had increased. Boivin's income had increased to approximately $100,000, and Thompson's income had increased to $118,000. Substituting the new income figures for those on the original child-support worksheet would have resulted in an increase in the amount of child support payable by Boivin; however, it would have been less than the ten-percent difference required by R.C. 3119.79(A), formerly R.C.3113.215(B)(4), to order an increase in Boivin's child-support obligation.
{¶ 3} Boivin argued that he was entitled to a reduction in his child-support obligation pursuant to R.C. 3119.04(B) and 3119.79(A), which became effective March 22, 2001. Boivin argued that the new statutes created an "instant change in circumstances" for obligors in his position. The magistrate denied Boivin's motion. Boivin filed objections to the magistrate's decision. The trial court overruled Boivin's objections and adopted the magistrate's decision. Boivin has appealed, raising two assignments of error for our review.
{¶ 4} Boivin's first assignment of error alleges the following:
 {¶ 5} The trial court erred when it interpreted the newly enacted R.C. 3119.04 and related statutes.
 {¶ 6} Former R.C. 3113.215(B)(2)(b), which was in effect at the time the parties' decree of divorce was entered, provided,
 {¶ 7} If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court or agency shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. When the court or agency determines the amount of the obligor's child support obligation for parents with a combined gross income greater than one hundred fifty thousand dollars, the court or agency shall compute a basic combined child support obligation that is no less than the same percentage of the parents' combined annual income that would have been computed under the basic child support schedule and under the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount and enters in the journal the figure, determinations and findings. [Emphasis ours.]
 {¶ 8} Effective March 22, 2001, R.C. 3113.215(B)(2)(b) was replaced by R.C. 3119.04(B). R.C. 3119.04(B) provides,
 {¶ 9} If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings. [Emphasis ours.]
{¶ 10} R.C. 3119.79(A) states,
 {¶ 11} If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual obligation. If that amount as recalculated is more than ten percent greater than or more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support order.
 {¶ 12} Boivin argues that under the old statute, R.C. 3113.215(B)(2)(b), the starting point for determining the child-support obligation for parents with a combined annual income of more than $150,000 was taking the percentage that would be paid as child support and multiplying that percentage by their combined annual income. For example, the scheduled child-support obligation for parents with two children and a combined annual income of $150,000 is $21,971. $21,971 is 14.647% of $150,000. Therefore, the percentage of income scheduled as child support for parents with two children and a combined annual income of $150,000 is 14.647%. Multiplying 14.647% by $218,000, the parties' present combined annual income, results in a joint child-support obligation of $31,930. If Boivin earns 45.9% of the total income, the starting point for determining his annual support obligation would be $13,379.
{¶ 13} Boivin further argues that pursuant to the new statute, R.C. 3119.04(B), the starting point for calculating the child-support obligation for parents with a combined annual income of over $150,000 is the obligation of parents with a combined annual income of $150,000. The scheduled obligation of parents with two children and a combined annual income of more than $150,000 is $21,971. Therefore, if Boivin makes 45.9% of the total combined annual income, the starting point for calculating Boivin's support obligation would be 45.9% of $21,971, or $10,847. $10,847 is more than ten percent less than his current support obligation. Therefore, Boivin argues, under R.C. 3119.79(A), he is entitled to a reduction in his child support. We disagree.
{¶ 14} R.C. 3119.04(B) and former R.C. 3113.215(B)(2)(b) require that the trial court determine the appropriate amount of child support to be paid by parents with a combined gross annual income of over $150,000 on a case-by-case basis. In 1998, the trial court made a determination as to the appropriate amount of child support to be paid by Boivin. There has been no substantial change in the parties' financial circumstances that would satisfy the ten-percent requirement of R.C. 3119.79(A) to justify a modification of Boivin's child-support obligation. In fact, the financial situations of both parties have improved. Further, there has been no change in the needs of the children. The only "substantial change in circumstances" is the enactment of R.C. 3119.04(B).
{¶ 15} It is presumed that in enacting any statute the legislature intended a just and reasonable result. See R.C. 1.47(C); Smith v.Collins (1995), 107 Ohio App.3d 100, 667 N.E.2d 1236. If we accept Boivin's argument, his support obligation would be reduced even though he is earning more income, his income constitutes a greater percentage of the parties' combined annual income, and the needs of his children have not changed since the trial court determined the appropriate level of child support. Under Boivin's theory, if the trial court holds a hearing and determines that the current support level is appropriate, there is nothing to preclude Boivin from filing motion after motion to reduce his child-support obligation because as long as the trial court does not reduce his support obligation, he will always meet the ten-percent requirement. Further, Boivin would put the burden on the non-moving party to justify a level of support that the trial court has already determined is appropriate. We do not believe that the legislature intended such an unjust and unreasonable result as that urged by Boivin.
{¶ 16} We hold that parties under an existing child-support order must demonstrate a substantial change in their financial circumstances resulting in a ten-percent difference in the amount of child support due under the existing order to meet the requirements of R.C. 3119.79(A). The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order. If the amount as recalculated is more than ten percent greater or ten percent less than the amount of support due under the existing order, it shall constitute a change of circumstance substantial enough to require a modification of the child-support order. See R.C. 3119.79(A).
{¶ 17} It is clear from the record that Boivin is unable to meet the ten-percent requirement of R.C. 3119.79(A). Therefore, he is not entitled to a reduction of his child support on that basis. The first assignment of error is overruled.
{¶ 18} The second assignment of error essentially alleges that the trial court erred in affirming the magistrate's dismissal of Boivin's motion for a reduction in child support. Boivin argues that he did not waive the issue of whether there are other "changes in circumstances" beyond the ten-percent rule of R.C. 3119.79(A) that would justify a reduction in his child-support obligation, and that he should have been permitted to adduce evidence as to any other "changes in circumstances." We agree.
{¶ 19} We hold that the magistrate erred in dismissing Boivin's motion without affording him an opportunity to present evidence as to any change in circumstances, other than the ten-percent rule of R.C.3119.79(A), that would justify a reduction in his child-support obligation. The second assignment of error is sustained. Therefore, the judgment of the trial court adopting the magistrate's dismissal of Boivin petition is reversed in part, and this cause is remanded solely to allow Boivin to present evidence as to any other change in circumstances.
{¶ 20} The judgment of trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with law and this Decision.
Judgment affirmed in part and reversed in part, and cause remanded.
Gorman and Winkler, JJ., concur.