OPINION
{¶ 1} Brenda Lee Chewning, n.k.a. Brenda Lee Gordon, appeals from the trial court's judgment entry adopting a magistrate's decision awarding appellee both the parties children as tax exemptions for the year 2003 forward. We affirm.
 {¶ 2} The parties were granted a decree of dissolution in 1996; they had two minor children, Andrew, d.o.b. October 19, 1990, and Victoria, d.o.b. April 17, 1994. Appellant was the residential parent.
 {¶ 3} On May 13, 2003, appellee filed a motion to adopt an amended shared parenting plan. This plan provided appellee would claim the children as tax exemptions for the 2003 tax year and beginning in 2004, appellee would claim Andrew and appellant would claim Victoria.
 {¶ 4} A hearing on appellee's motion was held before the magistrate on September 19, 2003. The amended shared parenting plan was read into the record. The only issue concerned the tax exemption provision. The magistrate ordered appellee's counsel to conduct a tax analysis. The magistrate also gave appellant's counsel the opportunity to present a tax analysis. On November 4, 2003, appellee's counsel sent a letter to the court including a tax analysis. On November 7, 2003, the magistrate issued a decision awarding the tax exemption for both children to appellee. This decision was filed November 12, 2003.
 {¶ 5} On November 19, 2003, appellant filed a request for findings of facts and conclusions of law; none were issued. On February 9, 2004, the trial court entered an order awarding the tax exemptions to appellee.
 {¶ 6} Appellant filed a notice of appeal from the February 9, 2004 judgment. Applying In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 173, we remanded the matter so the magistrate could enter findings of fact and conclusions of law as required by Civ.R. 52. The magistrate entered findings of fact and conclusions of law. Appellant filed objections to the magistrate's decision, which the trial court overruled. We now consider the merits of this appeal.
 {¶ 7} Appellant raises two assignments of error for our review:
 {¶ 8} "[1.] The trial court erred to the prejudice of [a]ppellant in issuing a [j]udgment [e]ntry on February 9, 2004.
 {¶ 9} "[2.] The [c]ourt did not consider the statutory criteria in its award of the children as tax exemptions to [a]ppellee."
 {¶ 10} In her first assignment of error, appellant argues the trial court erred in rendering a judgment before the magistrate had issued findings of fact and conclusions of law as required by Civ.R. 53(E)(2). Because the magistrate has now complied with the requirements of Civ.R. 53(E)(2) and the trial court has overruled appellant's objections to the magistrate's decision, appellant's first assignment of error is moot.
 {¶ 11} In her second assignment of error, appellant argues the trial court failed to apply the criteria set forth in R.C. 3119.82. We disagree.
 {¶ 12} R.C. 3119.82 provides in pertinent part:
 {¶ 13} "In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 14} Here, the magistrate issued findings of fact and conclusions of law applying these factors. Specifically, the magistrate found the tax exemptions would result in no tax savings for appellant but would save appellee $3,062 and the best interest of the children would be served by maximizing the available income in both households. Thus, the magistrate found appellee should be awarded both exemptions. The magistrate's decision complies with the requirements of R.C. 3119.82 and appellant's second assignment of error is without merit.
 {¶ 15} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.