OPINION
{¶ 1} Appellant, Karl E. Peters ("Father"), appeals from a judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, reducing a magistrate's child support deviation and applying the child support retroactively. We affirm.
 {¶ 2} Father and appellee, Deirdre A. Peters ("Mother"), were married on June 17, 1994. Two children were born as issue of the marriage: James Peters ("James"), born September 13, 1993; and Nicole Peters ("Nicole"), born September 3, 1997.
 {¶ 3} On June 1, 2000, Father filed a complaint for divorce with the Lake County Court of Common Pleas, Domestic Relations Division. Mother timely answered.
 {¶ 4} The parties executed an agreed judgment entry of divorce and a separation agreement. On November 2, 2002, the domestic court granted the parties a divorce and accepted the separation agreement. The agreement named Mother as the residential parent and legal custodian of James and Nicole. Father obtained the court's standard visitation schedule. Moreover, per the separation agreement, Father was to pay Mother the sum of $317.96 per month, per child, as child support.
 {¶ 5} On February 28, 2002, the Lake County Child Support Enforcement Agency ("CSEA") recommended that Father's child support be reduced due to his loss of employment. Accordingly, the court issued an April 17, 2002 order reducing child support to $170.91 per month, per child. Neither party contested this recommendation and, as a result, Father began to pay the recommended amount of child support.
 {¶ 6} Once Father obtained new employment, CSEA recommended that his child support be increased. On May 7, 2003, Father objected to this recommendation and filed a motion requesting that the domestic court hold a hearing to resolve the child support issue. While the child support issue was pending, Father filed a motion for reallocation of parental rights and responsibilities. This motion requested that the court order shared parenting or, in the alternative, modify the visitation schedule to increase his visitation time.
 {¶ 7} On June 26, 2003, the parties appeared before a magistrate to resolve the child support issue. The parties informed the magistrate that they had agreed to postpone resolution of child support until after the court issued a decision regarding Father's request for shared parenting or increased visitation. As part of this agreement, Father would continue to pay child support at a rate of $170.91 per month, per child
 {¶ 8} The magistrate held a hearing on Father's request for shared parenting or increased visitation. Subsequently, the magistrate issued an October 31, 2003 decision, denying Father's request for shared parenting, but granting his request for increased visitation. Accordingly, Mother remained the residential parent and legal custodian of the minor children, while Father obtained a modified visitation schedule.
 {¶ 9} Thereafter, two separate magistrate hearings were held to determine child support. Father and Mother testified at both hearings. On June 15, 2004, the magistrate issued a decision which stated as follows:
 {¶ 10} "The child support obligation pursuant to the statutory child support schedule is $243.95 per month per child[.] However, the Court determines it would be unjust and/or inappropriate and not in the children's best interests to apply the statutory child support schedule amount and approves a deviation to the amount of $150 per month per child[.]"
 {¶ 11} The magistrate found that the foregoing deviation was necessary predicated upon Father providing in-kind contributions to the children in the form of clothing and based upon costs associated with Father's increased parenting time. In addition, the magistrate determined that the child support deviation was to be applied retroactively to December 3, 2003.
 {¶ 12} Mother filed timely objections to the child support deviation and its effective date. The domestic court held a hearing on Mother's objections. Following the hearing, the court issued an October 29, 2004 judgment entry, which modified the magistrate's child support deviation and changed the retroactive date to June 26, 2003.
 {¶ 13} In doing so, the domestic court found that the magistrate omitted consideration of summer day care costs, in the amount of $800 per year, which Mother paid. The court also found that the modification of Father's visitation time represented a 28% increase from the standard visitation schedule. Based upon these findings, the court calculated Father's child support obligation to be $256.11 per month, per child, from June 26, 2003. The court then applied a downward deviation of $22.16 and ordered Father to pay $233.95 per month, per child.
 {¶ 14} From this judgment, Father filed a timely notice of appeal and now sets forth the following assignments of error for our consideration:
 {¶ 15} "[1.] The court erred in calculating inappropriate deviation of child support.
 {¶ 16} "[2.] The court erred in determining the date of retroactivity."
 {¶ 17} Under his first assignment of error, Father argues that the domestic court's decision to reduce the magistrate's child support deviation, thereby increasing his monthly child support, was incorrect. Specifically, Father contends that because the parties' parenting time with the children is nearly equal, his expenses for raising the children is nearly equivalent to Mother's expenses. In short, Father maintains that a larger deviation was necessary because his increased visitation would result in increased living expenses. He concludes that the domestic court's reduction of the magistrate's child support deviation is in error.
 {¶ 18} "Generally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support." Williams v. Williams, 11th Dist. No. 2002-L-096, 2003-Ohio-1977, at ¶ 16. But a court may deviate from these guidelines, at its discretion, predicated upon its consideration of the statutory factors listed in R.C. 3119.23 and upon a determination that the amount under the guidelines would be unjust or inappropriate, and would not be in the best interest of the children. Id. Absent an abuse of discretion, a domestic court's discretion in this regard will not be disturbed on appeal. Harris v. Harris, 11th Dist. No. 2002-A-0081,2003-Ohio-5350, at ¶ 40. The term "abuse of discretion" connotes more than an error of law or judgment; it suggests that the court's attitude was unreasonable, arbitrary, or unconscionable.Williams at ¶ 16.
 {¶ 19} R.C. 3119.23 includes the following factors to be considered by a court prior to deviating from the standard guideline support: any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor. R.C. 3119.23(A)-(P).
 {¶ 20} Moreover, it is important to recognize that "there is `no authority requiring a domestic court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable.'" (Emphasis sic.) (Citation omitted.) Kosovich v. Kosovich, 11th Dist. No. 2004-L-075,2005-Ohio-4774, at ¶ 17.
 {¶ 21} At the outset, we note that Father does not challenge the child support calculation under the established guidelines and that the court did indeed grant Father a downward deviation from the guideline calculation. Nevertheless, Father maintains that the court should have provided a larger downward deviation, as illustrated by the magistrate's decision, due to an increase in his general living expenses.
 {¶ 22} A thorough review of the record shows that Father failed to present any evidence of what effect his increased visitation time would have on his general living expenses. Although Father testified that he believed the extended visitation would increase his general living expenses, he failed to corroborate this self-serving testimony with any specific evidence relating to this alleged increase.
 {¶ 23} The record does affirmatively show that Father resided at a house owned by his parents. Accordingly, he was not responsible for mortgage payments and any payments to his parents were minimal. Furthermore, the domestic court accurately found that Father's extended visitation represented a twenty-eight percent increase from the standard visitation and that the magistrate's decision failed to consider summer day care costs paid by Mother. As a result, we cannot say that the domestic court's decision to reduce the magistrate's downward deviation represented an abuse of discretion. Father's first assignment of error is without merit.
 {¶ 24} Under his second assignment of error, Father argues that the court erred by applying its child support order retroactively to the date of June 26, 2003. He maintains that the court disregarded the retroactive date set by the magistrate and, without explanation, set June 26, 2003, as the effective date to apply the new child support.
 {¶ 25} "The general rule in Ohio is that when a court modifies a child support award, that modification is made retroactive to the date on which the motion to modify the award is made." Zamos v. Zamos, 11th Dist. No. 2002-P-0085,2004-Ohio-2310, at ¶ 13. Therefore, absent special circumstances, child support should be retroactive to the date such modification was first requested. Id. at ¶ 13. "`If the trial court decides in its discretion that the order should not be retroactive to the date of the motion, it must state the reasons for that decision.'" (Citation omitted.) Id.
 {¶ 26} Here, Father objected to CSEA's recommended child support and moved the court for a hearing on May 7, 2003. On June 26, 2003, the magistrate held a hearing during which the parties agreed to reject the CSEA's calculation and Father would continue to pay child support at a rate of $170.91 per month per child, until the request for shared parenting and visitation had been resolved.
 {¶ 27} The retroactive date of June 26, 2003, does not represent the date Father moved to modify child support. However, the domestic court specifically found that Mother's objection to the magistrate decision was well-taken and that June 26, 2003 was the appropriate date for retroactive application of child support. Specifically, Mother's objection contended that the magistrate's child support application date was improper because it failed to consider that Father's visitation time had not yet been extended. Thus, the domestic court did not err by applying child support to the retroactive date of June 26, 2003, and Father's second assignment of error is without merit.
 {¶ 28} Based upon the foregoing analysis, Father's first and second assignments of error are without merit. The domestic court's judgment is affirmed.
Grendell, J., Rice, J., concur.