OPINION
{¶ 1} Appellant, Dorinda A. Henson, appeals from the April 27, 2006 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, which overruled appellant's objections and adopted the magistrate's decision to modify the child support order. For the following reasons, we reverse and remand. *Page 2 
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} Appellant ("Ms. Henson") and appellee ("Mr. Henson") executed a separation agreement on September 26, 2002, which contained, inter alia, a provision for child support for their only child.
 {¶ 4} Ms. Henson was designated the sole residential parent and legal custodian of the minor child. A child support computation worksheet was prepared by Ms. Henson's attorney, signed by both parties, and attached to the separation agreement. On October 3, 2002, the parties' petition for dissolution of marriage was filed to which was attached the separation agreement with the child support worksheet. Mr. Henson was not represented at the time these documents were prepared and filed with the court or at anytime through the hearing on the petition.
 {¶ 5} At the time of the dissolution, Ms. Henson was earning $43,200 and Mr. Henson was earning $73,200. Both gross wage figures included yearly overtime compensation. Mr. Henson was also paying $30,000 annually in child support payments for his two other children from a previous marriage.
 {¶ 6} After adjustments for amounts of local taxes actually paid and Mr. Henson's court-ordered support for his other children, the adjusted annual gross income for Mr. Henson was $42,834 (50.26% of total income) and for Ms. Henson was $42,384 (49.73% of total income). The combined child support obligation per the child support schedule was $10,247.56; thus, Mr. Henson's rebuttably presumed payment per the guidelines would have been $5,150.42 annually or $429.20 per month. *Page 3 
 {¶ 7} The parties agreed to a yearly upward deviation of $2,048.58 or $612.00 per month without any recitation on the worksheet or in the separation agreement as to the specific facts underlying the reasons for such deviation.
 {¶ 8} In the separation agreement the parties also agreed that on December 1, 2003, Mr. Henson's child support payment would increase to $2,250 per month (plus a $45 processing fee) and that in addition he would pay Ms. Henson ten percent of his overtime compensation as additional child support. No reasons were set forth in the agreement for this extreme upward deviation.
 {¶ 9} Ms. Henson agreed to maintain the health insurance for their child, and the parties agreed that Ms. Henson could claim the child as a deduction for income tax purposes.
 {¶ 10} The petition came on for hearing on November 7, 2002, and the decree of dissolution of marriage was journalized on the same day. The decree incorporated by reference the separation agreement with the child support computations worksheet attached.
 {¶ 11} Pursuant to the terms of the decree, the Trumbull County Child Support Enforcement Agency ("TCCSEA") increased the child support amount from $612 to $2,295 in January of 2004, and on March 8, 2004, Mr. Henson filed a motion for recalculation of child support ("motion to modify child support.") On December 28, 2004, the trial court adopted the magistrate's decision denying Mr. Henson's motion to recalculate child support. Mr. Henson filed a motion for reconsideration and objections to the magistrate's decision on January 11, 2005. On February 20, 2005, the trial court remanded the matter to a new magistrate for further review. *Page 4 
 {¶ 12} Hearings were held before the new magistrate on September 29, 2005 and December 9, 2005. On January 11, 2006, the magistrate issued his decision in which he found, inter alia, that there was a change of circumstances warranting a modification. He further found that the child support worksheet attached to the dissolution decree failed to set forth specific facts to support a deviation from the child support guidelines as required by R.C. 3113.22 and R.C. 3113.23.
 {¶ 13} On January 25, 2006, Ms. Henson filed her objections to the magistrate's decision, and on April 27, 2006, the trial court overruled the objections and adopted the magistrate's findings that there was a ten percent change of circumstances based upon the child support worksheet line 23 "actual annual" obligation and not upon the original deviated amount of child support. The court also adopted the magistrate's findings that there was no explanation for the "[a]bsurd increase effective December 1, 2003," and the magistrate's conclusion that there was "no compelling evidence that would warrant a deviation from the line 23 actual annual obligation."
 {¶ 14} The trial court also adopted the magistrate's computed child support worksheet that was based upon the parties' increased income, which had increased to $56,472 for Ms. Henson, and to $95,000 for Mr. Henson. Pursuant to the child support guidelines, appellee was ordered to pay $798.94. However, since Ms. Henson elected the tax exemption for the minor child, Mr. Henson's payments were reduced by $90 to a monthly payment of $709.94. Further, Mr. Henson's child support payment was made retroactive to the date Mr. Henson originally filed his motion to recalculate child support, March 8, 2004. *Page 5 
 {¶ 15} The trial court further found that because the original worksheet and the decree failed to set forth findings to support the deviation, the guidelines amount of support set forth in the magistrate's decision is "rebuttably presumed to be the correct amount of child support and in the child's best interest."
 {¶ 16} Ms. Henson timely appealed on May 19, 2006. On August 2, 2006, this court granted Ms. Henson's motion to stay execution of the new support order and ordered that during the pendency of the appeal, the TCCSEA shall continue to withhold $2,295 from appellee's wages every month. However, the agency would only disburse to Ms. Henson $708.94 each month. Further, Ms. Henson was required to file a supersedeas bond in the amount of $1,000, which she timely posted on August 28, 2006.
 {¶ 17} Ms. Henson raises the following three assignments of error:
 {¶ 18} "[1.] The trial court erred, as a matter of law, to the prejudice of Appellant, in granting Appellee's Motion for Recalculation [Reduction] of Child Support where there was no change of circumstances not contemplated by the parties at the time of their agreement since the previous child support order.
 {¶ 19} "[2.] The trial court erred to the prejudice of the Appellant in ordering that the child support order in this case be modified retroactively to March 8, 2004, a retroactive period of over one year and nine months which would result in a retroactive "overpayment" of $32,362.26.
 {¶ 20} "[3.] The trial court erred to the prejudice of the Appellant in arbitrarily reducing the amount of child support awarded to the Appellant by $90.00 per month as *Page 6 
a setoff for awarding Appellant the right to claim the minor child as a tax dependency exemption without consideration of the factors required by R.C. 3119.82."
 {¶ 21} Modification of Child Support
 {¶ 22} "In matters that involve child support, an appellate court must not disturb the judgment of the trial court absent an abuse of discretion." Barto v. Barto, 11th Dist. No. 2003-L-070, 2005-Ohio-823, ¶ 10, citing Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. An abuse of discretion "connotes more than an error of law or judgment," rather "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} In her first assignment of error, Ms. Henson argues that the trial court erred in granting Mr. Henson's motion for modification of child support since the increase in the parties' income was a change of circumstances that was contemplated at the time of the agreement. Specifically, Ms. Henson contends that the trial court erred by granting Mr. Henson a downward departure from the original separation agreement amount of child support since Mr. Henson originally agreed to pay in excess of the child support guidelines and there has been no subsequent change of circumstances between the parties that would warrant a downward modification. We find this argument to have some merit.
 {¶ 24} There is no doubt that the trial court erred in its original decree of dissolution by failing to include a fully completed child support worksheet and in failing to set forth and journalize the factors that justify such a great upward departure pursuant to R.C. 3113.22 and R.C. 3113.23. "Generally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support." Peters v. *Page 7 Peters, 11th Dist. No. 2004-L-198, 2006-Ohio-3644, ¶ 18, citingWilliams v. Williams, 11th Dist. No. 2002-L-096, 2003-Ohio-1977, ¶ 16. However, "a court may deviate from these guidelines, at its discretion, predicated upon its consideration of the statutory factors listed in R.C. 3119.23 and upon a determination that the amount under the guidelines would be unjust or inappropriate, and would not be in the best interest of the children." Id.
 {¶ 25} Furthermore, when a trial court fails to include a child support worksheet or list reasons for a deviation, the court has committed reversible error since the statutory requirements mandate that "[a] child support computation worksheet must actually be completed andmade a part of the trial court's record." DePalmo v. DePalmo (1997),78 Ohio St.3d 535, 538, citing Marker v. Grimm (1992), 65 Ohio St.3d 139. Further, "[t]his requirement is mandatory and must be literally andtechnically followed." Id. Thus, "[a]ny court-ordered deviation must besupported by findings of fact and must be journalized." Id. (Emphasis added.)
 {¶ 26} A review of the transcript of the initial dissolution hearing reveals that neither the court nor Ms. Henson's counsel questioned the parties as to why they agreed to such an excessive deviation from the support guidelines. Specifically, the separation agreement contained two provisions for child support, both upward deviations from the guidelines. The first paragraph of the child support provision is unambiguous. Mr. Henson agreed to pay $3,600 annually, or a monthly payment of $600, plus processing fees, in excess of the stated $429.20 monthly guidelines amount. The paragraph does not list specific factors for the deviation, but states that the parties have agreed to such deviation. Indeed, at the hearing on the modification of child *Page 8 
support, Mr. Henson told the court that he agreed to pay more than the $429.20 as dictated by the guidelines because he felt that the guideline amount was an unreasonably low amount to take care of a child.
 {¶ 27} At the time of the dissolution Mr. Henson was paying $30,000 a year for his two children from a prior marriage. These payments ended on November 20, 2003. The termination of these payments coincided with the next upward deviation contained in the second paragraph of the child support provisions in the separation agreement, which provided that on December 1, 2003, Mr. Henson's monthly child support payment would increase from $600 to $2,250, an increase of $1,650. In addition, Mr. Henson was required to pay ten percent of any additional overtime compensation. It is this paragraph that is so concerning since this increase is quite extreme and yet no factors or reasons are given for this drastic upward deviation either in the separation agreement itself or in the court's dissolution decree that adopted the agreement.
 {¶ 28} Thus, it is no surprise that upon hearing Mr. Henson's motion to modify child support, the court found this troubling and attempted to correct this egregious error by finding that there existed a change of circumstances that warranted a modification. Nevertheless, this matter concerns a separation agreement, which is a voluntary contract between the parties. There is no question that Mr. Henson originally agreed to pay in excess of what the guidelines required. Thus, we must find that the court abused its discretion by overstepping its bounds in collaterally attempting to correct the original decree of dissolution via the motion to modify, which was the only procedural vehicle before the court. *Page 9 
 {¶ 29} This case from the outset is procedurally flawed. Mr. Henson did not timely appeal the original decree of which he complains nor did he file a motion to vacate pursuant to Civ.R. 60(B). Although flawed and erroneous, the original decree of dissolution is not void ab initio, as Mr. Henson contends, but rather, merely voidable. Thus, as a voidable judgment, the original order may not be collaterally attacked, but instead may be addressed only on direct appeal. Since it was not, this erroneous order must be taken as presumably correct.
 {¶ 30} In State v. Montgomery, 6th Dist. No. H-02-039, 2003-Ohio-4095, the Sixth Appellate District was confronted with a similar situation where the trial court in a criminal contempt proceeding for failure to pay child support found that the original divorce decree was flawed since it did not include a child support worksheet. However, because the appellant raised the issue only in the contempt case and did not appeal the original decree directly, the court found that the lack of a worksheet in the original hearing could not be challenged collaterally in the contempt hearing. This is so since there is no question that the trial court had subject matter jurisdiction and jurisdiction over the parties. Thus, the lack of a worksheet did not allege a jurisdictional error, which would have rendered the original order void, but merely alleged an erroneous order that was within the court's jurisdiction, thus rendering it merely voidable.
 {¶ 31} This distinction between void and voidable is critical since a "judgment rendered by a court without subject matter jurisdiction is void ab initio" or quite simply void. Id. at ¶ 8, citing Patton v.Diemer (1988), 35 Ohio St.3d 68. Thus, "[i]f a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally." Id. at ¶ 10, citing Clark v. Wilson, 11th Dist. No. 2000-T-0063, 2000 Ohio App. LEXIS 3400. *Page 10 
However, if the judgment is properly within the subject matter jurisdiction of the court, and yet erroneous, then the judgment is deemed "voidable" and as such "it will have the effect of a proper legalorder unless its propriety is successfully challenged through a directattack on the merits." Clark at 5.
 {¶ 32} As the Ninth Appellate District Court in Smith v. Collins
(1995), 107 Ohio App.3d 100, cogently stated when confronted with a similar situation to the case before us: "Any error in the trial court's adoption of the agreed entry, however, has been waived because neither party timely appealed that order. Nevertheless, this opinion should not be read as an endorsement of the procedures followed by the trial court. Rather, a trial court must include findings of fact in every child support order that deviates from the support schedule, even if the child support order is contained in a separation agreement or agreed journal entry adopted by the court. In this case, though, since neither party timely appealed the agreed entry, that entry must be accepted as the existing child support of the court." Id. at 104. See Saunders v.Saunders (Mar. 8, 1995), 9th Dist. No. 94CA005855, 1995 Ohio App. LEXIS 880.
 {¶ 33} Since the original decree is merely voidable and because Mr. Henson did not directly appeal that order, which adopted the separation agreement that he voluntarily entered into, any error in the order cannot now be cured via a motion to modify. While it is understandable that Mr. Henson may regret not reading the fine print of the separation agreement, we cannot now revisit the past on a motion to modify and ensure the parties had a mutual understanding at that time by curing the trial court's initial failure to follow the requirements of R.C. 3113.22 and in failing to state factors for the deviation as required by R.C. 3113.23. The trial court's initial error is quite simply *Page 11 
not properly before the court. Rather, all that is before the court is the sole issue of whether a modification of the child support is warranted and whether there has been a change of circumstances between the parties that was not contemplated at the time of their original agreement.
 {¶ 34} Pursuant to R.C. 3113.79(A), "[w]hen considering a motion to modify a child support order, the trial court must recalculate the amount of support required to be paid pursuant to the statutory child support guideline schedule and the applicable worksheet using the parties' updated financial information." Bonner v. Bonner, 3d Dist. No. 14-05-26, 2005-Ohio-6173, ¶ 10. Further, "[a] deviation of ten percent in the amount to be paid between the original support order and the recalculated amount under the current circumstances is deemed to be a `change of circumstance substantial enough to require a modification of the child support amount.'" Id.
 {¶ 35} In this case there has clearly been a ten percent upward deviation in the parties' income since Ms. Henson's income has increased from $43,200 to $56,472; and Mr. Henson's income has increased from $73,200 to $95,000. In addition, Mr. Henson is no longer making the $30,000 annual payments for his two children from a prior marriage. However, the ten percent increase in this case alone does not justify a modification as Mr. Henson agreed to pay in excess of the guidelines amount. The court must first find, pursuant to R.C. 3119.79(C) that the "amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstancesthat was not contemplated at the time of the issuance of the originalchild support order * * *." *Page 12 
 {¶ 36} This is so since Mr. Henson voluntarily agreed to pay child support in an amount that exceeded the statutory child support guideline schedule. To ignore this agreement and look only at the increase in the parties' incomes would ignore the parties' initial intent and render their original contract a nullity. If that were so, then every parent who obligated himself or herself to pay in excess of the guidelines amount could then, upon a change of heart, file a motion to modify.
 {¶ 37} In Smith v. Collins, the Ninth Appellate District held that when there is an agreement between the parties by which a party "voluntarily agrees to a child support obligation which exceeds the statutory support schedule by more than ten percent, that party must show a substantial change of circumstances beyond the statutory tenpercent deviation before the trial court may modify the supportobligation." Collins at 105. (Emphasis added.)
 {¶ 38} The Third Appellate District in Bonner, when confronted with this situation, read R.C. 3113.79(C) in conjunction with R.C. 3113.79(A), which we find most instructive. Specifically, the court found that "[w]here, as in the present case, a party voluntarily agrees to pay child support in an amount exceeding the statutory child support guideline schedule, a trial court granting a motion for modification must find both (1) a change of circumstances, and (2) that such a change of circumstances `was not contemplated at the time of the issuance of the child support order.'" Id. at ¶ 11, quoting R.C. 3119.79(C).
 {¶ 39} In the present case, the record of the hearing on the motion to modify does not contain any evidence as to a change of circumstance that was not contemplated at the time of the original agreement. Rather, a review of the transcript *Page 13 
reveals that the magistrate and both of the parties' counsels focused their inquiries on the circumstances that warranted such an extreme upward deviation in the original decree. Indeed, the circumstances at the time of the original agreement are fundamental in determining a baseline in order to deduce whether a change of circumstances has occurred that would currently warrant a modification.
 {¶ 40} However, the hearing revealed only the circumstances that existed at the time of the original agreement and that there have been no significant changes since that time. Specifically, the evidence revealed that at the time of the original agreement, the increase in both parties' income from General Motors was contemplated. Furthermore, the increase in child support payments coincided with the ending of Mr. Henson's other child support payments in Texas. Ms. Henson then testified that she wanted her child to receive the equivalent of what Mr. Henson's other children received. Mr. Henson himself then testified that he felt an upward deviation was necessary from the child support guidelines because he felt they suggested an inadequate amount of money to care for a child.
 {¶ 41} Since no change of circumstances has occurred that was not contemplated at the time of the agreement, it would be unfair and contrary to allow Mr. Henson to change his voluntary agreement. Thus, we hold that there has been no change of circumstances from the time of the original agreement that would warrant a modification.
 {¶ 42} Tax Exemption
 {¶ 43} In her third assignment of error, Ms. Henson challenges the court's $90 reduction of Mr. Henson's monthly child support from $798.94 to $709.94. The court *Page 14 
awarded this reduction to Mr. Henson in order to balance Ms. Henson's award of the minor child's tax dependency exemption between the parties. However, the trial court did not issue any findings of fact or conclusions of law regarding the factors in R.C. 3119.82 nor were such factors orally reviewed on the record in the hearing to modify. Since we find that the trial court abused its discretion by not engaging in an analysis of the factors pursuant to R.C. 3118.82, we find this assignment of error to have merit.
 {¶ 44} Pursuant to R.C. 3119.82, "[w]henever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *." Further, in cases where the parties do not agree, the court will make the tax dependency exemption determination and consider "any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 45} Specifically, the court found: "[a]s to the $90.00 credit adjustment for tax purposes, it was granted to the petitioner-father because the mother elected to retain the child for tax exemption purposes and that adjustment is set forth on the child support worksheet as a tax adjustment, attached to the magistrate's decisions." Further, "[t]his is found to be in the best interest of the child and is not unjust and inappropriate given the facts and evidence presented." *Page 15 
 {¶ 46} The only analysis of and justification for the division of the tax dependency exemption given here is the blanket statement that it was found to "be in the best interests of the child." In her brief, Ms. Henson alludes that in cases where the obligor's income exceeds that of the obligee it has been the custom and practice of the Trumbull County Court of Common Pleas, Domestic Relations Division, to automatically award a credit to the obligor when the obligee elects the tax dependency exemption. Regardless of what the past practice and custom has been we find it is inappropriate as it is contrary to law. Rather, it is necessary that the court follow R.C. 3119.82 and enumerate the factors it finds relevant in allocating the tax dependency exemption. See In re: Marriage of Chewning, 11th Dist. No. 2004-P-0021, 2005-Ohio-698, where we affirmed the trial court since the magistrate properly issued findings of fact and conclusions of law applying the factors of 3119.82.
 {¶ 47} Thus, the trial court abused its discretion in awarding a support obligation credit to Mr. Henson and awarding the tax dependency exemption to Ms. Henson since the record is silent as to whether the court properly considered the factors of R.C. 3119.82 and then appropriately fashioned a just and equitable award. On remand, the trial court is instructed to properly review the factors of R.C. 3119.82 and issue its findings of fact and conclusions of law in determining which parent should be awarded the tax dependency exemption, and whether there are circumstances that exist in this case for awarding the other party with a tax credit.
 {¶ 48} We reverse and remand this case to the trial court to determine the allocation of the tax dependency exemption, pursuant to R.C.3119.82. In addition, we *Page 16 
note that the second assignment of error is now moot since it is concerned with the retroactivity of the modification order, which we found to be in error and reversed above.
 {¶ 49} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and this case is remanded for further proceedings.
CYNTHIA WESCOTT RICE, P.J.,
ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1