DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from several judgments of the Wood County Court of Common Pleas, Juvenile Division, concerning the terms of a prior agreed entry setting a child's residence.
 {¶ 2} For the reasons, that follow, we affirm.
 {¶ 3} Alexandria L. was born to appellee, Michelle M., in 1992. In 1994, appellant, Jean-Paul L., was established as Alexandria's father in a paternity adjudication. *Page 2 
Following this, child support was established and an agreed upon visitation and companionship schedule was set.
 {¶ 4} When Alexandria was six, appellee married David M. In 2000, appellee filed with the court a "notice of intent to move" relating that appellee's husband had been transferred to a facility in the Czech Republic. Appellee declared her intent to move there with Alexandria. Appellant objected to the move, sought a preliminary injunction to prohibit it, and moved to change custody.
 {¶ 5} During the pendency of these motions, the parties met and achieved a compromise. Appellee's husband received assurances from his employer that the Czech assignment would be no more than three years. A plan was agreed upon for intercontinental visitation during this time. Moreover, appellee and her husband agreed to relocate in reasonable proximity to appellant when they returned to the United States. On August 1, 2000, appellee's counsel orally outlined the agreement to the court. With respect to the promise of relocating on their return, appellee's counsel stated:
 {¶ 6} "There's a further agreement that within three years after the move to the Czech Republic that Michelle [M.] and her daughter will return to the United States and make the United States as their permanent residence. More specifically, the permanent residence will be within 70 miles of father's house in the Toledo area. So when they come back, she will relocate within 70 miles of the area. * * *"
 {¶ 7} On September 12, 2000, the agreement of the parties was reduced to writing, approved by both parties, their counsel, and Alexandria's guardian ad litem. The *Page 3 
provision relating to appellee's relocation on return from the Czech Republic in material part provided:
 {¶ 8} "10. [Appellee] and the minor child must return to Wood County, a contiguous County, or an area within seventy (70) miles of [appellant's] home, and in the State of Ohio, or if in the State of Michigan, then only in Monroe County, Lenawee County, Washtenaw County or the area of Wayne County west of Route 275, * * * and establish their residence in that area. * * *"
 {¶ 9} The agreement was entered as the judgment of the court.
 {¶ 10} When the family returned from Eastern Europe, they settled in Michigan, near appellee's husband's work and within the area outlined in the agreement. In 2005, however, appellee's husband changed jobs, necessitating a move to Racine, Wisconsin. When appellee announced her intention to join her husband in Wisconsin with Alexandria, appellant objected.
 {¶ 11} On September 30, 2005, appellant moved to modify allocation of parental rights between the parties and requested temporary custody of Alexandria and/or an order barring appellee from relocating the child. On October 4, 2005, the trial court temporarily enjoined appellee from relocating Alexandria.
 {¶ 12} On October 13, 2005, appellant moved for a nunc pro tunc entry to the 2000 journalized agreement, seeking to add the word "permanent" into the provision of the agreement relating to Alexandria's post-European settlement. On January 18, 2006, appellant filed a separate complaint for a declaratory judgment, requesting a declaration *Page 4 
that the 2000 journalized agreement prohibited appellee from removing Alexandria from the approved geographic area.
 {¶ 13} Appellant eventually withdrew his motion to modify allocation of rights. The trial court denied his motion for a nunc pro tunc entry and granted appellee's motion to dismiss the declaratory action judgment pursuant to R.C. 2721.07. Following this, appellant moved for relief from the 2000 judgment, requesting that it be replaced by the text he had proposed in the motion for a nunc pro tunc entry. The trial court also denied this motion.
 {¶ 14} From these judgments and orders, appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 15} "I. The trial court erred to the prejudice of appellant by dismissing his complaint for declaratory judgment on the premise that granting a declaratory judgment in favor of appellant would not have terminated the uncertainty or controversy giving rise to the underlying proceeding.
 {¶ 16} "II. The trial court erred to the prejudice of appellant by denying his motion for relief from judgment requesting the correction of a clerical error."
 I. Uncertainty or Controversy {¶ 17} R.C. 2721.07 provides:
 {¶ 18} "Courts of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or *Page 5 
controversy giving rise to the action or proceeding in which the declaratory relief is sought."
 {¶ 19} In this matter, appellant alleged that the August 1, 2000 accord which was read into the record constituted an in-court settlement agreement which, along with the judgment entry memorializing it, if properly interpreted, forever bars Alexandria's removal from the specified geographic area.
 {¶ 20} R.C. 2151.23(B)(2) vests in the juvenile court the jurisdiction to determine the paternity of a child born out of wedlock. Once paternity is established, a father may petition the court for visitation and/or custody. Vincent v. Hines (May 25, 1990), 11th Dist. No. 89-L-14-114. In any proceeding pertaining to the allocation of parental rights or the modification thereof, the court is mandated to, "* * * take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1). This responsibility "* * * cannot be severed by agreement * * *." Kelm v. Kelm (2001), 92 Ohio St.3d 223,226; see, also, Myers v. Parks, 167 Ohio App.3d 329, 331,2006-Ohio-2352, ¶ 6.
 {¶ 21} Here, the trial court concluded that the declaratory action should be dismissed, pursuant to R.C. 2721.07, because the judgment sought would not terminate uncertainty or controversy. The court recognized that, irrespective of its ruling on the declaratory action, the responsibility nonetheless remained with the court to determine what living arrangements constituted the best interest of Alexandria. We concur with this reasoning, but go farther, concluding that any contractual arrangement which would *Page 6 
restrain or otherwise inhibit the court's nondelegable duty to determine that which is in a child's best interest is antithetical to public policy and is resultantly unenforceable.
 {¶ 22} Accordingly, appellant's first assignment of error is not well-taken.
 II. Relief From Judgment {¶ 23} Since we have concluded that the provision appellant seeks to enforce violates public policy, appellant's second assignment of error is moot.
 {¶ 24} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Arlene Singer, J., concur. *Page 1